ENOS BONE v. MARY WALTERS, ADM'X.

In establishing a location, against a party who appears to be a mere intruder, a decree in favor of such location, made in a former suit brought against the Surveyor and others to establish the same location, is effectual; at all events, where such intruder had notice of said suit.

See this case as to the necessity of endorsing the petition in an action of trespass to try title, to the effect that the action is brought as well to try the title as for damages.

See this case as to the necessity of alleging a return of field notes within the time prescribed by law.

Appeal from Cherokee. Action of trespass to try title, by the appellee against appellant. The petition was filed March 7th, 1850 ; was in the ordinary form ; prayed a recovery of the land and for damages ; but was not endorsed to the effect that the suit was brought as well to try the title as for damages. May 2d, 1850, defendant filed an answer containing exceptions, which were based upon the assumption that it was necessary for the petition to disclose the particulars of the plaintiff's title ; and also a plea of not guilty. November 1st, 1850, new answer filed, same as the first, with one or more additional grounds of exception not necessary to be noticed. April 28th, 1851, amended petition, alleging all the particulars of the plaintiff's title. April 27th, 1852, the plaintiff filed an amended petition " in lieu of her former petition," alleging all the particulars of her title, to-wit : the issuance of the certificate ; transfer of it to the plaintiff's intestate ; recommendation of it ; location of it on the land in controversy ; suit to compel the Surveyor to make the survey as requested, of which suit it was alleged the defendant in this suit had notice, and in which a decree was rendered, ordering the survey to be made accordingly, which order had been complied with since the commencement of this

suit, to-wit: on the 24th of March, 1852 ; and the field notes were set out.   The proceedings in the suit were made a part of the amended petition.   There was an averment that the defendant made his location in conflict with the plaintiff's location, in 1849, with full knowledge of the fact.   Prayer for recovery of the land and damages ; and endorsed to the effect that the suit was brought as well to try the title as for damages.

April 27th, 1852, amended answer, in addition to the exceptions heretofore filed—that the petition did not allege that the plaintiff was administratrix of the intestate at the date of the commencement of the suit, 'and that there was no averment that she had been regularly continued as administratrix. November 15th, 1852, defendant filed general exception to the amended petition ; pleaded possession in good faith for one year and improvements, and pleaded an outstanding Mexican title in a third person.   November 19th, 1852, amendment to petition, alleging the time of the decease of the intestate ; the appointment of one administrator ; his resignation ; the appointment of the present administratrix, and that she was at the commencement of this suit and still is administratrix, &c., &c.   May 12th, 1853, " additional exceptions to original and amended petition, that there was no endorsement in the original petition to the effect that the suit was brought as well to try the title as for damages, and that the endorsement to that effect on the amended petition seeks to change the cause of action."   November 7th 1853, plaintiff filed a " petition in lieu of her former petitions in this suit."   This petition contained all the allegations which had been previously made in the petition and amendments thereto ; but was not endorsed to the effect that the suit was brought as well to try title as for damages.   November 6th, 1854, answer by defendant, containing exceptions and plea of not guilty.   Besides the general exceptions, it was objected specially, that it was not alleged that defendant was party or privy to the suit which established the plaintiff's right to the location ; that the

plaintiff's location was not valid, because not alleged to have been entered in the book of entries or files; that the supposed cause of action by reason of the survey accrued after the commencement of this suit; that it was not alleged that the field notes of said survey had been recorded in the office of the County Surveyor and returned to the General Land Office; and that the petition is not endorsed to the effect that the action is brought as well to try the title as for damages. This answer was filed in lieu of answers previously filed.

The defendant's exceptions were overruled, and the plaintiff obtained a verdict and judgment. Motion for new trial overruled. The defendant asked charges which were refused. There was a pretty full statement of facts, without authentication in any way.

*Jennings & Ochiltree*, and *Donley & Anderson*, for appellant.

*Henderson & Jones*, for appellee.

WHEELER, J. The record, it is true, discloses a very unskillful state of pleading on the part of the plaintiff; and is embarrassed by frequent and very unnecessary repetitions of the same matter. These irregularities, however, appear to have been occasioned by abuses not less apparent on the other side. The conduct of the plaintiff's case, at, and before the trial, was embarrassed by the interposition of a multiplicity of merely frivolous and captious exceptions and objections, impertinent and foreign to the true issues and merits of the case. The defences seemed formed with a view to make the decision of the case turn upon a trial of skill, rather than of legal right, a course not unfrequently resorted to by a defendant, who, conscious of having no just defence to urge, hopes, by the aid of superior acumen, skill and address in perverting to purposes for which they were not designed, the legal means afforded for his defence, to convert those means into weapons

to cut down and destroy the plaintiff's just rights. To such abuse, it is to be regretted, we have almost daily evidences, our system of pleading is liable. to be perverted ; which, however, it becomes the Courts, as far as possible, to discountenance and correct.

We deem it unnecessary to engage in so useless a consumption of time, as to trace and note all the various and oft-repeated demurrers, amendments and exceptions, which the ingenuity and resources of a number of different counsel, who appear successively to have participated in conducting the pleadings through a series of years, have introduced into the record. The pleadings of the plaintiff disclose a right of action and a meritorious case, at the time of instituting the suit, and the defendant has not pleaded any matter in avoidance. And as there is in the record no authentic statement of facts, of which the Court can take notice, it is well settled that this Court will not revise the rulings of the Court below upon instructions to the jury, but will presume that the verdict and judgment were warranted by the evidence.

There is nothing in the objection, that it is not averred that the defendant was a party or privy to the former suit and judgment recovered by the plaintiff in the county of Nacogdoches. It was not necessary that he should have been either a party or privy to that proceeding. Notice is averred ; but, as a mere trespasser, as he appears, it was not necessary that he should have had notice of the plaintiff's title. The judgment recovered in that proceeding was a muniment of the plaintiff's title ; and, as such, was clearly admissible as evidence of her right. And as there is no pretence that the defendant was a *bona fide* purchaser of the land, it is wholly immaterial whether or not he was a party, or had notice of the proceeding.

The exception that the petition was not properly endorsed, should have been taken at an earlier stage of the pleadings. It was not entitled to be considered, after the defendant by pleading "not guilty," years before, had recognized the real character and object of the suit.

Nor is there anything in the objection that the plaintiff appears to have caused a survey to made of the land, after suit brought. It would indeed be a novel doctrine, if this should be held to defeat her rights.

There might be force in the objection, that it is not averred that the plaintiff's field notes had been returned to the General Land Office, if the pleadings and issues in the case had not been made up previously to the time when they should have been returned ; or if there had been any real or substantial amendment, or attempt to amend by the introduction of new matter after that time. It might have been said, that the fact should be averred. But the truth is, that every material averment contained in the petition, filed in November, 1853, was contained in the previous pleadings of the plaintiff, on which issue had long before been taken. That evidently was not, nor was it intended as properly an amendment of the pleadings, by setting up matter which had arisen since the last continuance, or by the introduction of any new matter whatever. It was not intended to change or re-open the issues, or give occasion for further pleading by the defendant, but was simply designed, for the sake of convenience merely, to combine and place in a more connected form upon the record, the allegations of the party, previously made and answered. This is evident from its terms and clear import. It was not the pleading of any new matter ; but simply a reiteration of the old. It did not require an answer ; and is not entitled to be considered as an amendment. The pleadings containing all the averments of the parties respectively, had been long before made up ; and there was no necessity or occasion to plead further, for the purpose of anticipating new objections on the trial, arising out of matters *ex post facto*. Those objections it was competent to meet and answer by proof, without the necessity of further pleading.

The defendant, without disclosing any merits, has protracted this litigation for years in the Court below, and finally by an appeal to this Court; which seems equally devoid of merits.

And we think it proper, and legally correct, to put an end to the litigation by here affirming the judgment.

Judgment affirmed.