## RIX v. McHENRY AND WIFE.

Where the husband bought certain land, during the absence of his wife from the State, and mortgaged it, and subsequently his wife returned, and resided on it: *Held*, that it could not be claimed as a homestead against the mortgagee.

An order of a District Court, setting aside the homestead, operates as a protection against other creditors.

Where the estate of an insolvent is subject to liens, or mortgages created before the application in insolvency, proceedings therein do not affect such liens or mortgages, and the right of the assignees is confined to the surplus.

The provisions of the fourteenth section of the Insolvent Act, providing that all suits brought against the insolvent debtor anterior to his surrender of property, shall be transferred to the Court in which said insolvent shall have presented his schedule, does not apply to suits brought for the enforcement of prior liens or mortgages.

The phrase, "resident of this State," used in the second section of the Homestead Act, means an actual and not a constructive presence.

APPEAL from the District Court of the Twelfth Judicial District, in the County of San Francisco.

This was an action for the foreclosure of a mortgage upon certain premises, executed and delivered by Jesse McHenry to the plaintiff, Rix. McHenry, in his defence, set up, that after the execution of the mortgage, he applied for the benefit of the insolvent law in the Fourth Judicial District, and that a portion of the mortgaged premises had been set aside by the decree of that Court as his homestead. His wife also filed a petition of intervention, setting forth that she never signed the mortgage, and praying that a part of the premises be set aside to her as a homestead.

It appears that defendant McHenry, and his wife, came to this State in 1851, and his wife left this State in March, 1852, on a visit to New Orleans, and returned in June, 1854. During her absence, said defendant purchased the property described in the complaint, and improved a portion of it, with the intention of making such portion his homestead. In September and November, 1853, and in May, 1854, defendant McHenry executed different mortgages upon said premises. The mortgage of plaintiff was executed in May, 1854. Upon the note and mortgage he brought suit in the Twelfth District Court, on the second of June, 1855, making the other two mortgagees parties defendant. On the eighth day of June, the defendant McHenry filed his petition in the Fourth District Court, for a discharge under the act of May 4th, 1852, for the relief of insolvent debtors, and praying the Court to set aside that portion of the mortgaged premises occupied by him and wife as a homestead. On the twenty-first of December, 1855, he filed his answer to the plaintiff's complaint, in which he set up the proceedings in insolvency, and prayed that the case in the Twelfth District Court, might be certified to the Fourth District Court for further proceedings, and also prayed that a certain portion of the premises be set apart for a homestead. The Twelfth District Court proceeded to final judgment, and McHenry and wife excepted, and appealed to this Court.

*J. P. Treadwell* for Appellant.

The respondents, who were parties defendant in the suit of McHenry *v.* His Creditors, in insolvency, were precluded by the judgment order therein, allowing him the lot as a homestead for his family, from denying it that character in this action. That judgment is conclusive on the parties to it; and cannot be questioned collaterally. Nor were it equitable to permit it, though such judgment were erroneous, after the respondents, parties to the proceeding, then acquiesced in it, and silently permitted all the other property of the insolvent, out of which another reservation might have been made for a homestead, to pass to the assignee, to be appropriated there to the payment of their claims. The judgment in the insolvent suit should have been revised on writ of error, if error there were.

This action having been commenced before, and being pending when the insolvent suit was commenced, was required by law to be transferred to the Fourth District Court, having jurisdiction of that suit, and there continued on notice against the assignee: Com. Laws, 318, § 14. And it was an irregularity to proceed to trial in the Twelfth District Court, that this Court will not tolerate.

The real question below was, and on this branch of the case here, is: Was the wife, at the time the mortgage of May 5,

1854, was given, "a resident of this State," so that her signature to it was necessary? She came here in March, 1851, with her husband, both *animis manendi*, and has been residing here ever since, once making a visit to New Orleans, during which the mortgage was given by her husband, who has never left the State. The residence of the wife follows, or is determined by that of the husband. Kashaw *v.* Kashaw, 3 Cal., 312; Greene *v.* Greene, 11 Pick., 400; Beard *v.* Knox, Cal. R., July T., 1855. And were the wife capable of acquiring a residence different from her husband's, she did not by going on a visit, which is all too plain for authority to be cited. Will it be contended, that, by "resident of this State," the statute means actually present in this State, as distinguished from being domiciled here, that the wife's sanction to a mortgage of the homestead ceases to be necessary the moment she leaves the State on a visit, directed, perhaps, by her husband!

*Stow & Brown* for Respondent.

In Cook *v.* McChristian, this Court said the homestead is the dwelling-place of the family, where they permanently reside. Then the Court has supplied the omission in the statute in respect to notice, by holding that actual occupation by the family is necessary to constitute notice. Now the family of McHenry had not resided upon this property at the time the mortgage was given. If the wife had been continually absent, how could there have been an actual residence of the family? How could this lot have been the "dwelling-place" of the family? If the family did not dwell upon the premises, there could have been no notice imparted to the respondent, and the appellant seeks to make him suffer loss, when want of prudence is not imputed to him.

When the Legislature used the word "reside," it must have been intended in the sense of "to live." The act intended an actual and not a constructive presence.

BURNETT, J., after stating the facts, delivered the opinion of the Court—MURRAY, C. J., concurring.

As to the action of the Court below in refusing to set aside any portion of the mortgaged premises as a homestead, we think there was no error. The point was settled in the case of Cary *v.* Tice and Wife, decided at the last term of the Court. The phrase "resident of this State," in the second section of the Homestead Act, means an actual and not a constructive presence.

We think that there was no error in the action of the Twelfth District Court after the commencement of the proceedings in insolvency. It is true, that under the provisions of the fourteenth section of the act, "all suits brought against the insolvent debtor anterior to his surrender of property before the Courts of

other counties, shall be transferred to the Court having jurisdiction in the county in which said insolvent shall have presented his schedule." But this provision relates to suits other than those for the enforcement of liens or mortgages, as is shown by the proviso to the thirty-sixth section. In such cases the proceedings are not affected by the pendency of the case of insolvency, and should there remain a surplus after discharging the lien and costs, the assignees would be entitled to it.

As to the position that the order of the Fourth District Court setting aside lot "two" of the mortgaged premises as a homestead, precluded the plaintiff from his remedy upon the mortgage, we think it entirely untenable, upon every principle of law and justice. The only effect of this action of the Fourth District Court was a protection of the homestead against other creditors, while it did not touch the rights of the several mortgagees.

The other points in the case it is unnecessary to decide.

The judgment of the Court below is affirmed.