The opinion of the Court was drawn up by
Appleton, C. J.
The Act of 1849, c. 135, "to exempt homesteads from attachment and levy or sale on execution,” was " to take effect from and after the last day of December next.” This statute was repealed by the Act of August, 1850, c. 207.
*60 It*will be perceived that, between the first day of January, 1850, when the Act of 1849, c. 135, went into effect, and the time when the repealing Act of August, 1850, c. 207, became operative, rights of exemption might be acquired.
Those were protected by § 1 of the latter Act. Lawton v. Bruce, 39 Maine, 484.
By c. 207, § 4, of the Acts af 1850, it was provided that " the head of any family, or householder, wishing to avail himself of the benefits of this Act, may file a certificate by him signed, declaring such wish and describing the property, with the register of deeds in the county where the same is situated; and, upon receiving the fees now allowed for recording deeds, such register shall record the same in a book kept by him for that purpose -; and so much of the property in said certificate described as does not exceed the value aforesaid, shall be exempt from seizure or levy on any execution issued on any judgment recovered for any debt contracted jointly or severally, by the person signing said certificate, after the date of the recording thereof; * * * and upon being recorded as aforesaid, the property described in the first section of this Act shall be exempted within the provisions thereof.”
This section is prospective in its operation. " The head of any family, or householder,” is to file his certificate, the same being recorded, he holds the described property, and to the value specified, " exempt from seizure or levy on any execution issued on any judgment recovered for any debt contracted jointly or severally, by the person signing the certificate, after the date of the recording thereof.” The property thus exempted remains, however, liable to seizure or levy, on executions issued on judgments recovered on debts contracted after the Act of 1850 went into effect, and before the date of the recording. Creditors prior to the recording are thus protected. Subsequent creditors cannot complain, for the certificate, when recorded, is notice to all that the real estate therein described is to be, and to remain exempt from seizure or sale on execution. They can no longer give *61 credit upon the faith of property thus made exempt by statute, and, if they do, it is their own folly.
The plaintiff’s judgment was recovered April term, 1852. The defendant’s certificate was filed June 28, 1852. The plaintiff subsequently commenced an action of debt upon his judgment, in which he recovered a new judgment, and, by virtue of the execution issued thereon, he made the levy under which he claims title. But this judgment was not upon a debt contracted " after the date of the recording” of his certificate, and therefore, by § 4, the real estate of the defendant is not exempt from seizure or levy, on the execution issued thereon. The defendant has failed to show his estate exempted from seizure under the ordinary process of law, and his defence fails.
The law gives interest, by way of damage, for the nonpayment of a debt. It was the fault of the defendant that such damages accrued. But, accruing, they became a part of the judgment and follow the same rule as the principal.
So, too, costs are incident to any attempt to enforce by process of law the collection of a debt. The estate not being exempt from the debt, neither is it exempt from the costs, which the defendant, by neglecting to pay what was justly due, has compelled the plaintiff to incur or lose his debt. Defendant defaulted.
Bice, Cutting, Davis, Walton and Barrows, JJ., concurred.