J. L. McArnis v. E. C. McIntyre and W. H. Kennedy.

(No. ——, Op. Book No. 1, p. 293.)

Appeal from Delta County.   Opinion by Ector, P. J.

§ **513.** *Exempt property; lumber to build residence is exempt from forced sale.*   Appellant had purchased a tract of unimproved land, which he designed to make his homestead.   He owned no other land.   He purchased lumber with which to erect upon said land a house to reside in.   A portion of this lumber he had hauled to a place of safety near the land, and there left it until he could get the balance of his lumber from the mill.   Appellee had an execution against appellant, which he caused to be levied upon the lumber which had been hauled

and left near appellant's land. Appellant brought this
suit to enjoin the sale of the lumber, upon the ground
that it was a part of his homestead, and was therefore
exempt property. Upon a hearing of the case, the tem-
porary injunction which had previously been granted was
dissolved, and it was adjudged that appellant take noth-
ing by his suit, and pay the costs. *Held*, the lumber
bought and intended for erecting a dwelling house, on
the site selected by appellant for a homestead, was ex-
empt from forced sale. The petition and evidence showed
the time when the land was destined for the future resi-
dence of appellant and his family, and the steps taken
towards building upon the land, and the reason why he
had been prevented from improving and occupying it.
The intention to use the lumber in building a dwelling
house upon the land to be occupied by him as his resi-
dence is evidenced by unmistakable acts. The fact that,
at the time the lumber was levied upon, the lumber
was not on his land, would not affect the question.
[Cobbs v. Coleman, 14 Tex. 594; Anderson v. McKay, 30
Tex. 186; Stone v. Darnell, 20 Tex. 11; Franklin v. Cof-
fee, 18 Tex. 413.]

§ 514. *Proof and judgment must conform to allegations.*
The court cannot make up a judgment upon facts not put
in issue by the pleadings. The proof must be according
to the allegations of the parties, and if it goes beyond
the allegations, the court cannot judicially act upon it, as
facts not alleged cannot form the basis of a decree. [Den-
ison v. League, 16 Tex. 406; Wright v. Wright, 3 Tex.
168; Hall v. Jackson, id. 309; Guess v. Lubbock, 5 Tex. 535;
Chrisman v. Miller, 15 Tex. 160; 9 Peters, 483.]

November 3, 1877.                Reversed and remanded.