### J. T. WATSON ET AL. v. CITY NATIONAL BANK OF TEXARKANA.

#### Decided May 20, 1909.

**1.—Homestead—Trust Deed—Sale.**

Where an incumbrance on real property by trust deed was created by the owner at the time when it was not his homestead, a sale by the trustee under the power given by the deed passed title, although the owner with his family occupied it as their homestead at the time of the sale. Stone v. Darnell, 20 Texas, 11; Griffie v. Maxey, 58 Texas, 211, distinguished.

**2.—Same.**

Evidence considered and held to support a finding that property not actually occupied as a homestead at the time contract lien was fixed thereon was not a homestead in fact though the owner testified that he then intended to occupy it as such in the future.

**3.—Same—Intent to Occupy—Abandonment.**

The mere intent to occupy property in the future as a homestead, if sufficient to fix its status as such, was capable of abandonment and was abandoned by the act of the owner in inducing another to loan money on security of a trust deed by disclaimer of homestead rights therein.

Appeal from the District Court of Bowie County. Tried below before Hon. P. A. Turner.

*J. W. Hillman*, for appellants.—The husband of the wife has no authority to sell, give mortgage or trust deed, or other liens upon the homestead without the consent of the wife, and such sales, mortgage or trust deed is void under the law governing homesteads. Moores, Ex'r, v. Wills, 69 Texas, 109; Griffie v. Maxey, 58 Texas, 211; Macmanus v. Campbell, 37 Texas, 267; Stone v. Darnell, 20 Texas, 11; Gardner v. Douglass, 64 Texas, 76; Cameron v. Gebhard, 85 Texas, 610; Dobkins v. Kuykendall, 81 Texas, 180; Archibald v. Jacobs, 69 Texas, 248; Scott v. Dyer, 60 Texas, 135.

The court erred in rendering judgment for plaintiff upon the trial of this cause, because it was shown by a preponderance of the testimony that the land was the homestead of defendants at the time it was sold under deed of trust, and that plaintiffs had notice at the time of sale that defendants were living upon the land and claiming it as

a homestead. Rowles v. Hoard, 71 Mich., p. 151; Mills v. Hobbs, 42 N. W., 1084; Cameron v. Gebhard, 85 Texas, 610; Scott v. Dyer, 60 Texas, 135.

*Hart, Mahaffey & Thomas, for appellee.*—If the land in question was not the homestead of appellants at the time the deed of trust was executed, no subsequent acts or assertions of homestead can defeat the lien thus created. Peregoy v. Kottwitz, 54 Texas, 501; Kempner v. Comer, 73 Texas, 203; Baker v. Collins, 4 Texas Civ. App., 520.

It is for the husband, who is the head of the family, to designate the homestead. Neither the intentions nor acts of the wife can give property that status, and a mere intention alone on the part of the husband to use property for a home is not sufficient; the intention must either be carried into effect or some acts done in furtherance of same and as corroboration thereof. Steves v. Smith, 49 Texas Civ. App., 126; McDonald v. Clark, 19 S. W., 1023; Sharp v. Johnston, 19 S. W., 259.

Appellants not being in actual possession of the land at the time the deed of trust was executed, the recitals in the deed of trust to the effect that the land was not the homestead, and the representations of Watson at the time of its execution that it was not his homestead and he did not intend to use it as a homestead, estop him from claiming same as his homestead. Steves v. Smith, *supra.*

A mere intention to use property as a homestead, without acts of preparation, is not sufficient to clothe same with the attributes of a homestead. Gardner v. Douglas, 64 Texas, 78; Johnson v. Burton, 39 Texas Civ. App., 249; Bente v. Lange, 9 Texas Civ. App., 332; Archibald v. Jacobs, 69 Texas, 248; Scott v. Dyer, 60 Texas, 135.

Where there has been no actual, but a mere intended occupancy of property as a homestead, and the husband executes a deed of trust thereon in which he declares that the property is not his homestead, and at the same time declares he does not intend to use it as a home, these declarations will be construed, in law, as an abandonment of such intention. Kempner v. Comer, 73 Texas, 202-3.

WILLSON, CHIEF JUSTICE.—The action was by appellee against appellants to try the title to and for possession of parts of the John Barkman survey in Bowie County. The appeal is from a judgment in favor of appellee. It appears from the record that on November 30, 1906, Watson owned the land; that on that day he borrowed $685 from appellee, and by his deed conveyed the land to J. L. Penix in trust to secure the payment of his note due November 30, 1907, covering the sum so borrowed by him and interest thereon; that he failed to pay the note when it became due; that in accordance with the terms of the deed to him Penix, as trustee, on April 8, 1909, sold the land at public auction; that at such sale appellee was the purchaser, and that as trustee Penix by his deed conveyed the land to appellee as such purchaser. On the issue (the controlling one in the case, it may be observed) as to whether the land was the homestead of appellant Watson and his family, or not, at the time he executed the trust deed, the testimony was conflicting. It appeared that Watson had purchased

the land only two or three weeks before he conveyed it to Penix as security for the note; that at the time he purchased it the land had been improved and had dwelling houses on it which were occupied by tenants entitled to hold possession until January 1, 1907; that he (Watson) did not move on to and with his family occupy the land until the latter part of November, 1907, but by tenants had possession of it from January 1, 1907; and that at the time he so conveyed the land to Penix he (Watson) owned another tract of land in Bowie County, but with his family was residing upon rented premises. He testified that he purchased the land for use as a home, and then and thereafterwards intended to make it his and their home, and so declared to them. Members of his family testified to the same effect. On the other hand, the witness Shelton, president of the appellee bank, who represented appellee in making the loan to Watson, testified that Watson offered to execute the trust deed to secure the loan made to him and at the time stated that the land "was not his homestead or any part of it; . . . that he owned a homestead elsewhere." The witness Mahaffey, who as an attorney prepared the trust deed, testified: "I asked Mr. J. T. Watson about whether the land described in the deed of trust was his homestead, and whether he lived on it, and whether he intended to live on it, or had ever lived on it, and he told me he had never lived on it and didn't intend to live on it as his homestead; it wasn't his homestead or any part of his homestead; and I incorporated that part of the declaration in the deed of trust and read that deed of trust over to him before he signed it." The deed of trust as executed by Watson contained this recital: "And I, the said J. T. Watson, do hereby declare that none of the lands herein described is my homestead, or any part of my homestead; and further declare that the same is not used by myself for homestead purposes."

*After stating the case.*—The evidence being uncontroverted that at the time the sale under the deed in trust to Penix was made appellants were occupying the land as their homestead, on the authority of Stone v. Darnell, 20 Texas, 11, and Griffie v. Maxey, 58 Texas, 211, they insist that the trustee's deed to appellee as the purchaser at such sale did not pass the title to the land. In the first mentioned of the two cases relied upon the plaintiff had purchased the land at a sale thereof under an execution against the defendant. The latter had never occupied the land before it was levied upon by virtue of the execution, but after the levy moved on to the same with his family and at the time of the sale was occupying it as his homestead. The court held that the status of the property at the time of the sale, and not its status at the time of the levy, should be looked to in determining whether the defendant was entitled to claim it as exempt or not. The case can not be regarded as supporting appellants' contention, because the lien there asserted was a statutory one, while here the lien asserted is predicated upon an express contract. Mabry v. Harrison, 44 Texas, 294. But if there was no such a distinction between the facts of that case and those of this one, the former still could not be treated as authority for holding in accordance with appellants' contention, because

it has been expressly overruled on the point in question by the later case of Baird v. Trice, 51 Texas, 558, and in effect by other cases. (See Gage v. Neblett, 57 Texas, 374; Wright v. Straub, 64 Texas, 64, and Grandjean v. Story, 2 Posey, 524.) In the other case (Griffie v. Maxey) relied upon, the point decided was that as against a lien created when the property was not a homestead, a right in his family to it as such would be recognized and enforced in the event of the death of the debtor insolvent, after the property had become in fact the homestead of his family. In that case the court was careful to say that had the debtor lived, the use by him of the property as a homestead would not have divested it of the lien given by him upon it. It was because at the time of his death the debtor's estate was insolvent that the right of his widow and children to have the property set apart to them as exempt was held to be superior to the right of the creditor to subject it to his lien. Reeves v. Petty, 44 Texas, 252.

Looking then, as we must, to the status of the property as it is shown by the record to have been at the time Watson borrowed the money and executed the trust deed, we think it must be held, in accordance with the finding of the trial court, that it was not then the homestead of the family, and therefore that the trust deed was not void. It was not pretended that the land was then, or that it had ever been, occupied by Watson and his family as their homestead. It was not pretended that he had made or was then making any preparation to use it as his homestead, or that he had ever by any overt act manifested an intention to so use it. His right and that of his wife to claim the land then to have been their homestead rests entirely upon evidence tending to show that Watson purchased it for a home and intended when he secured possession of it to make it his home. Whether he had such an intention or not was an issue in the case. The testimony on the issue was conflicting. The judgment of the trial court involved a finding that he had no such intention. The weight to be given the testimony was for that court to determine; and, as we can not say its finding was not supported by the testimony showing that Watson did not move on to and occupy the land until the latter part of November, 1907, and his declaration in his trust deed that the land was not his homestead, and his declarations to the same effect made to the witnesses Mahaffey and Shelton, as testified to by them, we must regard the finding as binding upon us. An affirmance of the judgment might be rested upon such a view of the record. But there is still another view to be taken of it which, we think, leads to the same result. If it should be assumed that Watson intended the land for use as a homestead, and if it should be conceded that such an intention on his part was sufficient to fix its status as such (Wolf v. Butler, 8 Texas Civ. App., 468; Bente v. Lange, 9 Texas Civ. App., 329; Johnson v. Burton, 39 Texas Civ. App., 249; Muckelroy v. House, 21 Texas Civ. App., 673), we yet would feel ourselves constrained to hold that the evidence in the record was sufficient to support the further finding involved in the judgment, that at the time he executed the trust deed he had abandoned such intention, and therefore that the judgment did not appear to be erroneous. "It is well settled," said the court in Davidson v. Jefferson, 68 S. W., 824, "that where the homestead is not

one in fact, that is, where the homestead intention is not attended by occupancy of the property, the intention may be abandoned or renounced at any time, and the exemption thereby ended; and a mortgage upon the property induced by a disclaimer of such intention is valid," citing Kempner v. Comer, 73 Texas, 202; and see Bente v. Lange, 9 Texas Civ. App., 329, 29 S. W., 815. The judgment is affirmed.

*Affirmed.*

Writ of error refused.