HENRY R. STEVENS *v.* TAYLOR CAREY *et al.*

(No. 7132)

Submitted March 15, 1932.   Decided March 22, 1932.

*E. F. Scaggs,* for defendant in error.
*Hammock & Burgess,* for plaintiffs in error.

LIVELY, JUDGE:

W. H. Newhouse obtained a judgment against plaintiff Stevens, then unmarried, before a justice of the peace, execution thereon was issued and placed in the hands of defendant Carey, a regularly elected and qualified constable, who levied the execution on plaintiff's Ford truck on June 12, 1929, and posted notices of sale. Three days later, plaintiff married,

and on June 17, 1929, before sale of the truck, he claimed the truck was exempt from levy or forced sale under section 24, chapter 41, Barnes' Code (Code 1931, 38-8-1, 3), the debtor's personal property exemption statute. Later, the constable sold the truck, and this suit was instituted against the constable and the surety on his official bond for the recovery of double the value of the truck sold, resulting in a judgment against defendants for $250.00. The defense is that plaintiff is not entitled to the exemption claimed.

The only question presented is: Does the marriage of plaintiff, subsequent to the levy of the execution, give him the legal right to exempt the truck from sale thereunder? ·

Constitution, Article VI, section 48, says that any husband residing in this state may hold personal property to the value of $200.00 exempt from forced sale subject to regulations as may be prescribed by law; and the regulations are set out in chapter 41, Barnes' Code. The purpose of these laws is to save the family from absolute want and encourage the building of homes, and thus make a more stable society and state. All creditors must take note of these laws which save from forced sale $200.00 in value of the debtor's personal property. The statute should receive a liberal construction in favor of the debtor in order to effectuate the humanitarian purpose; but it should not be construed so as to disturb vested rights, and arm the debtor with a weapon to impose hardships on his neighbor. When Newhouse extended credit to plaintiff he was a single man, and all his property was subject to the lien of an execution. He promptly asserted his claim and reduced it to judgment and the execution became a lien on the truck,—a vested right—prior to the right of the debtor to exemption from forced sale.

The exact question above propounded is of first impression in this state. In some jurisdictions, notably Alabama *(Watson v. Simpson,* 5 Ala. 233), Indiana *(Robinson v. Hughes,* 117 Ind. 293, 20 N. E. 220), Mississippi *(Trotter v. Dobbs,* 38 Miss. 198) and Texas *(Stone v. Daniel,* 20 Tex. 11), exemption against the levy of an execution is upheld, although the right to exemption accrues by marriage, or otherwise, after the levy and before sale. The reason given is that the

policy of the laws governs to save the debtor's family from possible destitution. 25 C. J., p. 24. In the majority of the states, the right to claim exemption from sale does not take preference over a lien acquired against the property prior to the time when the right of exemption accrues. The reason given is that the judgment or execution lien creates a prior vested right, which cannot be divested by an after acquired right. These decisions are illustrated in *Bullene* v. *Hiatt,* 12 Kan. 98, where there was an attachment lien, after which the debtor sought to and did perfect his right to claim a homestead exemption in the property attached. The court said that if a valid attachment lien could be defeated in that way, by the same reasoning a valid mortgage lien, judgment lien or mechanic's lien, or any other incumbrance could be defeated by the subsequent act of the debtor entitling him to the exemption. See *Symonds* v. *Lappin,* 82 Ill. 213; *Hale* v. *Heaslip,* 16 Iowa 451; *Rix* v. *McHenry,* 7 Cal. 89; *Bowker* v. *Collins,* 4 Neb. 494; *Mills* v. *Spaulding,* 50 Me. 57; and *Upman* v. *Bank,* 15 Wis. 449. The South Carolina cases hold that where the execution debtor marries after his personal property is levied upon and before sale he is not entitled to exemption under the exemption laws, because of such marriage. The reason given is that where there are conflicting rights, as to property, they are always determined according to their relative priorities, with due regard to the time when they commenced so as to create a vested interest in such property. *Pender* v. *Lancaster,* 14 S. C. 25. In the subsequent case of *Chaffee & Co.* v. *Raney,* 21 S. C. 20, the Pender case was approved, another reason being given that the property levied upon (a horse) before the debtor's marriage, passed out of the debtor's possession and control, that the sheriff had a qualified title thereto which could be asserted against the debtor, and therefore, the debtor did not have such property therein as to entitle him to claim exemption as against the judgment creditor. This reasoning seems to be sound. The principle is the same as would be applied where a deed of trust was given to secure a debt, and the debtor afterwards married and sought to withdraw the property by virtue of the exemption statute. He would, in that

case, have only an equity of redemption which he could save from forced sale. The statute putting into effect the constitutional provision must be construed as a part of the general system of law relating to other subjects and as operating in harmony with them, and not in contravention or destruction thereof, if its terms will permit of such construction. *State ex rel: Reeves* v. *Ross,* 62 W. Va. 7, 57 S. E. 284. Its terms do not compel a. construction which would destroy vested rights existing prior to the time the exemption became available to the debtor.

On the agreed statement of facts, the law is with defendants, and a judgment of *nil capiat* will be entered here.

*Reversed; judgment here.*