HOLLIE v. TAYLOR et al.    (No. 7638.)

(Court of Civil Appeals of Texas.   Dallas. Nov. 25, 1916.)

1. HOMESTEAD ⬤⇒140—HUSBAND AND WIFE—COMMUNITY PROPERTY—EFFECT.

A husband's abandonment of his wife without cause or excuse, continuing until her death, forfeits all rights of homestead in the land which the wife owned at her death; and this is true notwithstanding it is community property, and the abandonment does not operate to sever marital relations.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 259, 260; Dec. Dig. ⬤⇒140.]

2. HUSBAND AND WIFE ⬤⇒273(4)—COMMUNITY. PROPERTY—RIGHT OF SURVIVING HUSBAND—DEBT—LIEN.

Where a husband abandoned his wife without cause, which abandonment continued until her death, and the wife, after the abandonment and with her own means acquired a house and lot which was the only property owned by either of them, and died intestate, and there was no administration or necessity therefor, the amount which defendants, the wife's sister and her husband, were allowed for nursing and caring for the wife in her last illness was a community debt, so that the trial court properly decreed that the husband should recover the title and possession of the property charged with the community debt, with an order for its sale unless he voluntarily paid the amount of the lien within 60 days after the judgment.

. [Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. § 1012; Dec. Dig. ⬤⇒ 273(4).]

3. TRESPASS TO TRY TITLE ⬤⇒53—RECOVERY—RENT—SUFFICIENCY OF EVIDENCE.

In trespass to try title, held, on the evidence, that the trial court did not err in not awarding the plaintiff a judgment for the amount of rent claimed by him..

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 85, 86; Dec. Dig. ⬤⇒ 53.]

Appeal from District Court, Kaufman County; L. F. Hawkins, Judge.

Trespass to try title by Jack Hollie against Stella Taylor and another. Judgment for defendants making it a lien on the property and ordering a foreclosure unless plaintiff pay the amount within 60 days from the judgment, motion for new trial overruled, and plaintiff appeals. Affirmed.

W. P. Williams, of Terrell, and Lee R. Stroud, of Kaufman, for appellant. Bumpass & Crumbaugh, of Terrell, for appellees.

TALBOT, J. This is an action of trespass to try title brought by the appellant, Jack Hollie, against the appellees, Stella Taylor and her husband, Anderson Taylor, to recover a house and lot situated in the city of Terrell, Kaufman county, Tex. The appellant alleged, among other things, that he was legally married to Susan Hollie in the year 1892, and continued to live with her as her husband until she departed this life on the 27th day of January, 1914; that the said Susan Hollie died intestate, without children or their descendants, and leaving appellant as her surviving husband; that the property in controversy was community property of appellant, Jack Hollie, and Susan Hollie, and constituted their homestead before the death of the said Susan Hollie, and continued to be the homestead of appellant after her death. Appellant prayed that he have judgment for the title and possession of the property sued for, and for all the uses and benefits thereof to which he was entitled by reason of the homestead character of said property. He also prayed for a writ of restitution, for rents, damages, and costs of suit.

The appellees pleaded a general demurrer, general denial, plea of not guilty, and specially that plaintiff and one Susan Hollie were husband and wife until about the year 1904, when plaintiff abandoned and deserted said Susan Hollie and refused to contribute to her support; that after she was abandoned by her said husband said Susan Hollie·for many years made her home with defendants, defendant Stella Taylor being her sister; that defendants gave said Susan Hollie a home, and contributed largely to her support from the time of her abandonment to her death, about January 27, 1914; that said Susan Hollie was in bad health for years prior to her death; that during said time defendants furnished her with medical attention, medicines, and otherwise cared for her; that during her last illness, which lasted from October, 1913, to January, 1914, defendants attended to and waited on her and furnished her medical attention; that during her last illnes |the said Susan Hollie told these defendants she wanted to give the property in controversy to her sister, defendant Stella Taylor; that under a parol gift of said land to said defendant Stella Taylor

she went into possession of said premises and made valuable improvements thereon; that at the time plaintiff abandoned his wife they had no property, except a little personal property of the value of $500, which they alleged plaintiff had appropriated to his own use and benefit; that about the year 1909 Susan Hollie purchased the lands in controversy with her separate and individual funds earned by her after her desertion and abandonment by plaintiff, together with money advanced to her by these defendants; that plaintiff contributed nothing towards the purchase of said property, and at the time it was purchased, and long before, he had permanently abandoned and deserted his said wife; further, that defendants, jointly with Susan Hollie, purchased said property, and, being ignorant of the forms of law, did not know it was necessary to have deed made jointly to them and said Susan Hollie, but had the deed made to said Susan Hollie. Further, defendants alleged that, if not permitted to recover under the parol gift, or as joint owners of the land, then as they had nursed and cared for Susan Hollie during her last illness, furnished her medicines, food, and lodging, had after her death caused her to be buried in a decent and orderly manner, and paid all the bills therefor, that they have judgment for $100 for medicines and doctor bills paid for said Susan Hollie during her last sickness, for $100 for funeral expenses paid, and $150 as a reasonable charge for care and attention; that, if the relief prayed for as above be denied, they have judgment for the amount paid out by them for the last sickness of the said Susan Hollie, undertaker's and funeral expenses, and the amount due them for nursing and attention, aggregating the sum of $350; that said sum be declared a lien on said property and the same to be decreed to be foreclosed. The court on a trial without a jury denied appellees all the relief prayed for, except that for expenses for nursing and caring for the said Susan Hollie in her last illness, funeral expenses, etc. For those things appellees were allowed the sum of $111.50, which was decreed to be a community debt due by the estate of Jack and Susan Hollie. It was further decreed that, as plaintiff had abandoned said Susan Hollie, he had no homestead rights in said property, that the judgment awarded appellees should be a lien upon said property, and ordered that same be foreclosed, unless said plaintiff should pay said sum of $111.50 within 60 days from date of said judgment. Appellant filed a motion for a new trial, which was overruled, and he perfected an appeal to this court.

[1] The appellant makes in this court the following contention:

"The court should have given the plaintiff, Jack Hollie, a judgment for the land in controversy as his homestead inherited from his deceased wife, Susan Hollie, free from all claims and debts of creditors, because the evidence introduced upon the trial of this cause clearly showed that Susan Hollie, deceased, bought the said property from J. R. Nelson on April 3, 1909, and it was her homestead at the time she died on the 27th day of January, 1914, in Kaufman county, Tex., there being no children of Susan and Jack Hollie, and that they had never been divorced, and that at her death plaintiff was entitled to the same as his homestead."

This contention is not sustained. The trial court, as shown by conclusion of fact filed, found that the appellant and Susan Hollie had not been divorced, and that there were no children of their marriage; that appellant wrongfully and without cause abandoned his wife, Susan Hollie, about the year 1904, and that such abandonment continued until her death in January, 1914; that the property in controversy was purchased with money earned by appellant's wife, Susan Hollie, about April 3, 1909, after she had been abandoned by appellant; that appellant, after abandoning his wife, never at any time lived with her or contributed to her support and maintenance, and never at any time used or occupied the premises in controversy. These conclusions are amply supported by the evidence and serve to defeat appellant's asserted homestead rights in the property in suit. It is well established by the decisions of this state that the abandonment of a wife by a husband, without cause or excuse, and continuing until her death, will cause him to forfeit all claim to the homestead which the wife owned at the time of her death. This is true, notwithstanding the property is community property, and the mere withdrawal of the husband from the wife and continuance to live separate and apart from her, however unjustifiable and improper his doing so may be, does not operate as a severance of the marital relation. Trawick v. Harris, 8 Tex. 312; Earle v. Earle, 9 Tex. 630; Sears v. Sears, 45 Tex. 557; Newland v. Holland, 45 Tex. 588; Duke v. Reed, 64 Tex. 705; Cockrell v. Curtis, 83 Tex. 105, 18 S. W. 436; Dugat v. Means, 91 S. W. 363. The question has arisen in cases where the wife had abandoned the husband, but the same rule applies where the husband has abandoned the wife. The trial court did not, therefore, err in holding that appellant by his abandonment of his wife, Susan Hollie, had forfeited any claim of homestead which he otherwise might have had to the property in controversy.

[2] Appellant further contends that the judgment of the court in favor of the appellees for $111.50 and establishing said amount as a lien or charge against the property in controversy, with direction that said property be sold to pay said amount, unless the same was voluntarily paid by appellant within 60 days from the date of the judgment, was contrary to the law and the evidence. The proposition under this assignment is that:

"Where the suit is not one for partition among the heirs or devisees, but is a suit by the sole owner in trespass to try title, and where in such

case the plaintiff recovers as sole owner, the defendants will not be allowed to recover an open account against the estate, and to establish it as a charge with foreclosure and sale of the land so recovered."

This contention under the facts of this case is not well founded. Upon testimony clearly warranting it the court found that appellant wrongfully and without cause abandoned his wife, Susan Hollie, about the year 1904, which abandonment continued until her death in January, 1914; that the property in controversy, was acquired by Mrs. Susan Hollie in April, 1909, after appellant's abandonment, without any aid or assistance whatever from him; that said property was the only property owned by either the appellant or the deceased, Susan Hollie; that the said Mrs. Hollie died intestate; and that there was no administration upon her estate and no necessity therefor. Upon the evidence adduced and the facts found, the trial court concluded as a matter of law that the sum of $111.50 for which appellees were awarded judgment was a community debt of the appellant and his deceased wife, and that the property in controversy was subject to the payment of the same. This conclusion of law, based upon the facts found, is correct. The appellant having without cause or excuse abandoned his wife, which continued until her death, he thereby forfeited, as hereinbefore stated, all claim to the homestead which she owned at the time of her death, and, there being no constituent member of the family surviving, the same descended upon her death like any other community property charged with the payment of community debts. This being true, and there being no administration pending upon Mrs. Hollie's estate and no necessity therefor, the trial court correctly held that appellant should recover the title and possession of the property in controversy charged with the community debt found to be justly due to appellees.

[3] It is further assigned, in substance, that the court erred in refusing to give the appellant judgment against the appellees for $84 as the reasonable rental value of the property in controversy. No finding of the trial court upon this question is found in the record, and we have no means of knowing how that court viewed the matter, except as we may infer from the testimony bearing upon the subject. Looking to this testimony, we conclude the trial court was of the opinion that it did not warrant a judgment in favor of appellant for rents. It is undisputed that appellees received only the small sum of $4 or $5 as rent for the property, and the testimony warrants the conclusion that it was in such bad repair that it possessed, aside from the said small amount collected, practically no rental value. Besides, the undisputed testimony of the appellee Mrs. Stella Taylor is to the effect that she paid for Mrs. Susan Hollie on the purchase price of the property in controversy about $40 and made some improvements on it, the value of which is not stated, and it is reasonable to conclude that they constituted mutual offsets, and hence no judgment for amount as rents should be awarded appellant. At any rate we are not prepared to say, from the record before us, that the trial court erred in not awarding the appellant a judgment for the amount of rent claimed by him.

The fourth and last assignment of error has been disposed of by what we have already said, and need not be further discussed.

Believing the record discloses no reversible error, the judgment of the court below is affirmed.