## WOOTEN v. CARMICHAEL et al.
### (No. 1158.)

(Court of Civil Appeals of Texas. Beaumont. Dec. 9, 1924.)

**Descent and distribution** ☞63—**Statutory right of surviving spouse unaffected by his abandonment of deceased.**

Right under Vernon's Sayles' Ann. Civ. St. 1914, art. 2462, of surviving spouse in deceased's estate, is unaffected by fact that survivor had permanently abandoned deceased years before her death, and that her property was the result of her earnings after abandonment.

Appeal from District Court, Jefferson County; Geo. C. O'Brien, Judge.

Suit by R. S. Wooten against Y. C. Carmichael and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Crook, Lefler, Cunningham & Murphy, of Beaumont, for appellant.

Singleton & Bevil, of Kountze, for appellees.

HIGHTOWER, C. J. This suit was filed by the appellant, R. S. Wooten, against the appellees, Y. C. Carmichael and Annie Carmichael, as defendants, for the partition of lot No. 19 in block No. 38 of the Jef Chaison addition to the city of Beaumont in Jefferson county. Plaintiff prayed that the lot be partitioned and divided, and that commissioners of partition be appointed, and that he have judgment for possession of that portion of the lot to which he claimed fee-simple title; it being a one-half undivided interest.

The appellees for answer demurred generally, and denied generally the allegations in plaintiff's petition, and then specially answered that in the year 1904 plaintiff married Claudia Carmichael, who was the sister of appellees, and that plaintiff lived with her as his wife until about the 1st of March, 1913, at which last-named date plaintiff abandoned his said wife, with the intention of abandonment, and remained away from her continuously thereafter until her death; that plaintiff left his said wife destitute and without means of support, and that she was compelled to earn her living by her own efforts, and that by such efforts she had earned and accumulated enough money to purchase the lot in question, and that with such earnings she did purchase said lot, and took title thereto in her own name; that plaintiff's said wife departed this life about the 1st of December, 1921, intestate, and without issue, and left as her nearest surviving relatives the appellees, who were her brother and sister, respectively; that

under the law of descent and distribution of this state fee-simple title to the lot in question vested in appellees upon the death of their said sister, the deceased wife of plaintiff; and that plaintiff had no right, title, or interest, legal or equitable, in said lot, for the reason that he abandoned his said wife without cause or excuse, and that he thereby forfeited any right, title, or interest, legal or equitable, that he would otherwise have had in said property.

The case was tried before the court without a jury, and upon conclusion of the evidence judgment was rendered, denying plaintiff any relief as prayed by him, and declaring that the lot in question belonged to appellees, and from such judgment this appeal has been prosecuted.

There is no statement of facts in the record, but the trial judge filed formal findings of fact and conclusions of law, and, as none of the findings of fact are attacked by appellant, we shall assume that such findings were correctly made. Appellant does, however, challenge the trial court's legal conclusions based upon the facts found. The undisputed facts in the case, as found by the trial judge, are substantially as follows:

R. S. Wooten, the appellant, and Miss Claudia Carmichael, who was the sister of the appellees, were married in May, 1904, and thereafter lived together as man and wife until about the 1st of March, 1913, at which last-named date appellant, without any cause or excuse, left and abandoned his wife, with the intention of permanent abandonment, which continued until his wife's death in December, 1921. During all the while that such abandonment continued, appellant in no manner communicated with his wife, and she did not know where he was, and never heard from him, and he did not, during such period of abandonment, contribute anything to her support. A year or two prior to her death, Mrs. Claudia Wooten purchased the lot in controversy, and took the title in her own name, and the consideration for the lot was paid by her out of money which she earned by her own efforts after she had been abandoned by appellant. Mrs. Wooten died intestate, and without issue, and left as her nearest relatives the appellees. There had never been any decree of divorce between appellant and his said wife up to the time of her death.

Upon these undisputed facts the trial judge concluded as a matter of law that appellant had no title, interest, or right, legal or equitable, in the lot in controversy, and therefore denied partition as prayed by appellant.

Since the undisputed facts, as we have stated them, show that at the time of her death Mrs. Claudia Wooten and appellant

had never been divorced, but were still man and wife, in legal contemplation, and since upon the undisputed facts Mrs. Wooten left no child or children or their descendants, and no will, title to an undivided one-half interest in the lot in controversy vested in appellant immediately upon the death of Mrs. Wooten, under article 2462, Vernon's Sayles' Civil Statutes. That article reads as follows:

"Where any person having title to any estate of inheritance, real, personal or mixed, shall die intestate as to such estate, and shall leave a surviving husband or wife, the estate of such intestate shall descend and pass as follows:

"1. If the deceased have a child or children, or their descendants, the surviving husband or wife shall take one-third of the personal estate, and the balance of such personal estate shall go to the child or children of the deceased and their descendants. The surviving husband or wife shall also be entitled to an estate for life, in one-third of the land of the intestate, with remainder to the child or children of the intestate and their descendants.

"2. If the deceased have no child or children, or their descendants, then the surviving husband or wife shall be entitled to all the personal estate, and to one-half of the lands of the intestate, without remainder to any person, and the other half shall pass and be inherited according to the rules of descent and distribution; provided, however, that if the deceased have neither surviving father nor mother, nor surviving brothers and sisters, or their descendants, then the surviving husband or wife shall be entitled to the whole of the estate of such intestate."

The trial court concluded that, because appellant had abandoned his wife without cause or excuse, with the intention of permanent abandonment, and remained away from her of his own volition, as he did, that the marriage relation which had existed between them was thereby severed, in legal contemplation, and that he thereby forfeited all right, title, and interest that he would otherwise have had in the lot in controversy, and that it would be unjust and inequitable to permit him, after her death, to share to any extent in the property acquired by her with her own means during such abandonment. The trial court's conclusion that appellant's abandonment of his wife in the circumstances constituted or worked a severance of the marriage relation between them was error, and since the marriage relation, in legal contemplation, was still existing at the date of the death of appellant's wife, he, under the statute quoted and upon the facts as stated, was vested with the title in fee simple to a one-half undivided interest in the lot in controversy, and the appellees each to a one-fourth undivided interest therein, and the trial court should have so decreed.

It might be conceded that it would seem unjust that appellant should be permitted to share in the property in controversy after having so grossly disregarded the marriage vow, but the statute quoted clearly and unequivocally casts the title to an undivided interest in this property in appellant, and it is not permitted to the courts of the state to declare otherwise. Newland v. Holland, 45 Tex. 588; Hill v. Noland (Tex. Civ. App.) 149 S. W. 288; Hollie v. Taylor (Tex. Civ. App.) 189 S. W. 1091; Murchison v. Murchison (Tex. Civ. App.) 203 S. W. 423.

For the reasons stated, the trial court's judgment is reversed and the cause is remanded, with instructions to the trial court to proceed to partition the lot in controversy between the appellant and the appellees in the proportion of one-half to appellant and one-fourth thereof to each of the appellees. We have not sufficient data before us upon which to enter a decree of partition, and for that reason remand the cause to the trial court for that purpose.