OBEDIENCE A. RUNNELS v. HAL. G. RUNNELS, EXECUTOR.

The case of Green v. Crow, (17 Tex. R., 180,) cited, and the rulings in reference to the rights of the widow and children to "all such property as may be exempted from execution or forced sale by the constitution and laws of the State," or to the substituted allowance therefor, approved.

The testator can not, by will, impose an insuperable barrier to the assertion of the widow's claim to "such property."

Where a widow, who was also a legatee under the will of the deceased husband, brought suit in the District Court for the allowance provided as a substitute for the homestead and other property exempt by law from forced sale, against the executor, and alleged that the estate of said deceased was wholly insolvent, and that the will provided that the executor should not enter into any bond but only file an inventory, and there was a judgment by default, and the cause being submitted to the court, was dismissed for the want of jurisdiction ; it was *held*, that the District Court had jurisdiction, and that the court erred in dismissing the case.

It was also *held*, that the court erred in dismissing the cause for want of a sufficient averment in the petition, that the widow had refused to accept under the will, the bequest made in her favor.

It was further *held*, that there was no just ground for the opinion that the widow, in such a case, must have made an election to claim her statutory rights by a proceeding in the County Court before instituting a suit for that purpose in the District Court ; and her failure to do so is no valid objection to the jurisdiction of the latter court.

In the above stated case, the petition showed that the widow and the executor were the only heirs and distributees of the decedent ; it was *held*, that the creditors were the only other parties who could have any interest in the subject-matter in litigation, and that they were not necessary parties to the proceedings.

APPEAL from Harris. Tried below before the Hon. Peter W. Gray.

This suit was instituted in the District Court of Harris county by the appellant, the widow of Hiram G. Runnels, deceased, against the appellee the executor of said deceased, for the allowance provided as a substitute in lieu of the property which is exempt by law from forced sale.

The petition alleged substantially, that Hiram G. Runnels departed this life on or about the 16th day of December, A. D. 1857, leaving a last will and testament, in which Hal. G. Runnels was named executor; that said decedent, at the time of his death, was a resident of Harris county, Texas; that the will at the January Term, 1858, of the County Court of Harris county was regularly admitted to probate; that said Hal. G. Runnels qualified as executor; that an inventory and appraisement of the property of said estate had been returned; that the slaves therein named are the sole and separate property of petitioner; that at the time of the death of said testator, there was a small amount of claims due and owing him, and also other property owned by him : the said Hal. G. Runnels is the only surviving child of said testator, and your petitioner is the surviving widow; that she and the said Hal. G. are, and, at the time of the death of said decedent, were, by the laws in force at that time, entitled to receive of the property belonging to said estate, all such property as by the constitution and laws of the State was exempt from execution or forced sale; and in case there should not be among the effects of the deceased all or any of the specific articles so exempted, petitioner and Hal. G. are, under the law, entitled to an allowance in lieu thereof; that the following described property was and is by law exempt from execution or forced sale, to which, or an allowance in lieu thereof, petitioner and Hal. G. are entitled, to wit: a homestead not to exceed two hundred acres of land not included in a town or city, or any town or city lot not to exceed in value two thousand dollars; household and kitchen furniture to the value of two hundred dollars; implements of husbandry to the value of fifty dollars; five milch cows, or their value, which is one hundred dollars; one horse, or his value, which is one hundred dollars—of the aggregate value of two thousand four hundred and fifty dollars; that none of said property, or any allowance in

lieu thereof has ever been set aside for the use and benefit of petitioner, and of the said Hal. G., and the said estate is wholly insolvent; that petitioner is justly and legally entitled to the one-half of the enumerated property, or the one-half of the value thereof; that there is not among the effects of said deceased, the homestead, the household and kitchen furniture, the implements of husbandry, to the value of the exemption, or the milch cows, five in number; that there is not among his effects, any property which she is willing to take for the property or allowance to which she is by law entitled; that by a provision or clause of said will, it was directed that no other action be taken on his estate, than the probating of his will and filing inventory as required by law, and that his son, as executor, shall not be required to enter into any bond whatever; that your honorable District Court is the only court having jurisdiction to grant the relief in the premises to which petitioner is entitled, and she prays that your honor will take cognizance of the same in the exercise of the equitable powers of this court. The petition prayed for citation, &c., and " that upon the trial hereof, petitioner may have judgment against said Hal. G. Runnels, executor, &c., for such property exempt by law to which she is entitled as there may be in kind, and for an allowance in lieu thereof of the property to which she is entitled, which there is not among the effects of said Hiram G. Runnels, deceased," and for general relief.

In an amended petition she alleged substantially that she is the widow of Hiram G. Runnels; that as such widow she is entitled to all the property set forth in her original petition, or the allowance in lieu thereof; that Hal. G. Runnels is a citizen of Harris county, and is the only child and heir-at-law of said decedent; that he, Hal. G., is an adult, having a homestead of his own, living to himself and forming no part of the family of petitioner.

That said decedent at the time of his death owned no homestead, and prayed that the court will make an allowance in lieu of the homestead and other property exempt by law from forced sale, and that the executor be ordered to sell a sufficiency of the property belonging to said estate to realize such allowance.

Hal. G. Runnels was duly cited, and having failed to answer,

judgment by default was rendered against him; "whereupon the plaintiff submitted the cause to the court for adjudication upon the pleadings and evidence."

The plaintiff read in evidence a transcript of the proceedings had in the administration of the estate of Hiram G. Runnels from the County Court of Harris county, which contained the will of Hiram G. Runnels, dated 3d day of November A. D. 1857, substantially as stated in the pleadings; also, the application for the probate of the same; an order admitting to probate; the qualification of Hal. G. Runnels as executor, and an inventory and appraisement of the estate.

The court "adjudged that the plaintiff take nothing by her suit." Whereupon, she moved for a new trial, and assigned the following reasons:

"1st. Because the court erred in not giving judgment for plaintiff after the defendant had admitted by the default taken the allegations in the petition and amended petition.

"2d. Because the court erred in looking to any evidence out of the record and petitions to ascertain whether the plaintiff was or was not a devisee of any of the estate of the testator of the defendant.

"3d. Because the plaintiff by her suit disclaimed any interest as devisee or heir-at-law of defendant's testator, and the court erred in not at least giving the plaintiff judgment for the property of said estate existing in kind, which she prayed for in her petitions, and which the executor detained without any authority." The will made the widow and Hal. G. Runnels equal legatees and devisees of the estate. The court overruled the motion for a new trial, and the plaintiff appealed. After the adjournment of the court, at which trial was had, a bill of exceptions was filed by agreement, which is set out in the opinion of the court.

*Wharton, Terry & Masterson,* for appellant.

MOORE, J.—The right of a widow and children of a deceased person, or the widow alone when there are no children entitled to participate with her, to a provision for a years support, together

with the homestead and other property exempt by law from execution, or a substitute allowance therefor, is superior to that of the creditors, or the heirs until such time as that part of it in which they can claim an interest must be brought into partition. (Green v. Crow, 17 Tex., 180.) And since the right of a devisee is certainly inferior to that of a creditor, and only equal to that of the heirs of an intestate, it is an obvious consequence that the testator can by will impose no insuperable barrier to the assertion of the widow's claim to the property, in lieu of which the appellant in this case is seeking an allowance. These principles seem not to have been controverted in the District Court. The case was decided against her, not upon any supposed defect in the right of the widow, as an abstract question of legal right, against the estate of her deceased husband, but as it appears from the bill of exceptions sent up with the record, upon the ground that said court " had no jurisdiction on the subject matter to grant the relief prayed to the party, who is a legatee under the will, without first refusing to accept under the will, for which proceedings should have been taken before the County Court of Harris county, or by suit against all parties interested under the will, in this court; and that the pleadings show no cause for bringing an action in this court."

The language of the bill of exceptions which we have quoted is equivocal. It is uncertain whether the jurisdiction of the District Court was denied for want of a sufficient averment in the appellant's petition, of an election on her part to claim her statutory rights as surviving widow, &c., and refusal to claim under the will, or whether without questioning the sufficiency of the allegations of the petitioner in this respect, it was held that such election must have been made in the County Court before the present proceeding could be instituted. And the last branch of the proposition laid down by the court does not inform us what other parties than those now before the court were deemed necessary in its maintenance. We will, however, briefly consider the objection to the jurisdiction of the court, under the several aspects in which it may have been presented, in the decision of the case below.

First. Was the judgment of the District Court correctly rendered against the appellant for want of a sufficient averment in the petition, that she refused to accept under the will the bequest made in her favor? The appellee filed no answer to the petition, and the judgment by default cured all defects which could not be reached by a general demurrer.

It is alleged in the petition that the estate of Hiram G. Runnels is wholly insolvent, and she of course could have inherited nothing until the debts of the estate are paid. It would seem then that there was nothing coming to her by the will for her to reject. At least, in the absence of an exception we think the allegations should be regarded as sufficient to justify her in claiming the interposition of the court. And even if the petition is considered defective, if susceptible of amendment, and the case is submitted to the court after a judgment by default, we think the court should, as a general rule, tender the plaintiff an opportunity to cure the defect by amendment rather than enter an immediate judgment against him. If an election were necessary before the appellant could assert the rights she now claims, and she could make such election in the District Court, certainly the demand which she makes by her suit is as unequivocal an indication of her determination, as any declaration she could make, and would preclude her from claiming hereafter under the will, as effectually as if she had openly announced her determination to reject its bequests in her favor. We do not, however, deem it necessary for the present disposition of the case, to decide whether the statutory rights of the widow and the bequest in favor of the appellant in the will before us are incompatible, and such that she is forced to elect between them, and as the case has only been argued on behalf of the appellant we decline to express any opinion upon the question. It is a case in which the party acts upon her own responsibility, and she cannot complain, if it should be hereafter held one in which she was required to select between conflicting rights, and had precluded herself by her choice.

Second: We think it very clear that there is no just foundation for the opinion, that the appellant must have made an election by a proceeding in the County Court before instituting the present

suit. It is true the provision of law directing the allowance, now claimed, to the widow and children, is in the act regulating proceedings in the County Court pertaining to estates of deceased persons; and it provides that the chief justice shall make the allowance, &c. (Arts. 752, 753, O. & W. Dig.) Nor is there any other statutory enactment expressly authorizing the District Court to make such allowances, or regulating the proceeding in said court on such an application. But it is also enacted in a subsequent section of the same law, (art. 822, O. & W. Dig.,) that a testator may provide that no other action shall be had in the County Court, in relation to the settlement of his estate, than the probate and registration of his will. This provision may become nugatory if upon a demand of security for the payment of the debts of the estate it is declined by the heirs. But in no other way can the County Court get any other control of the estate than that pointed out in this section of the statute, while the executor continues to exercise the trust conferred upon him by the will. It could hardly be even plausibly urged that the widow and children should to the extent of their claim for this allowance be regarded as creditors, and in this character invoke the action of the County Court. To say nothing of the embarrassing fact, that on such an application by a creditor she and the children are properly defendants, who are called upon to give bond, if the bond is given by the heirs no further action in the estate can be taken by the County Court, and the widow and children would, unless the District Court can fix the amounts of the allowance and order its payment, be altogether without a remedy for its enforcement. It is, we think, much too clear for argument, that the testator cannot by withdrawing the administration from under the control of the County Court deprive his widow and children of a homestead and other property exempt from forced sale, or the substituted allowance therefor, secured to them by the constitution and statutes. The right to such allowance was not intended to depend merely upon the efficiency of the directory provision of the law, guiding the chief justice in setting it apart to the parties entitled to it. The constitution and statutes, as we have seen, vest in the widow and heirs a right to such property, superior in some instances to that

of the heirs, and in all to that of the creditors, and when the County Court cannot for any reason secure it to them, they unquestionably may call in aid the general equity jurisdiction and supervising power and control of the District Court over estates of deceased persons, executors, administrators, &c.

Third : Did the appellant fail to make the proper parties to this suit ? What other parties were needed or could she have made ? The petition shows that appellant and appellee are the only heirs of Hiram G. Runnels' estate. Creditors then are the only other parties who can have any interest in the subject matter in litigation. Must they have been brought before the court ? If they exercise their privilege of requiring security for the payment of their debts from the heirs, or parties entitled to the estate under the will, (art. 822, O. & W. Dig.,) they would be fully protected, and could be said to have little if any interest in its further administration; and when they fail to call for such security they tacitly assent to the administration of the estate by the executor as directed by the will, and he must be regarded as legitimately representing them in either event, in all matters of litigation against the estate. The widow is not supposed to know who are creditors, and it would generally be difficult, and often impossible, for her to ascertain who are such. To bring them before the court would be attended with much trouble and expense, and we see no reason for requiring it to be done in such cases as the present, other than will apply to all suits against administrators or executors, in which the *corpus*, or any part thereof, of the estate is involved.

The judgment is reversed and the cause remanded.

Reversed and remanded.