No. 5892.

SILAS BRADLEY v. M. A. DEROCHE.

1. PRACTICE—TRESPASS TO TRY TITLE.—A petition contained all the allegations required in a suit of trespass to try title, but it was not indorsed as required by article 4787. The defendant specially excepted, on account of the absence of the indorsement, and after pleading not guilty set up that the plaintiff who claimed homestead rights had abandoned the husband, who afterwards died, and from whom the de-

fendant had obtained before his death, a lease of the premises. *Held*, that, without deciding in what character of case the statutory indorsement would be material, the overruling of the special exception in this case constituted no sufficient ground for reversing final judgin favor of the plaintiff.

**2.** EVIDENCE.—The plaintiff in such action is entitled, without rep'ying to the plea of abandonment, to introduce testimony explaining her absence from her husband, so as to contradict the charge of voluntary desertion of her home. This was sufficiently accounted for by showing her husband's consent.

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

*Harcourt & Ball*, for appellant: This positive requirement of the statute should have been observed. The petition presents a case for the title and possession of land, and the exception was made and called to the attention of the court. (Rev. Stats., art. 4784, 4787; Boone v. Watkins, 14 Texas, 564.)

The evidence explaining the abandonment was improperly admitted, because no allegations were made to notify the defendant of any such issue. (Rivers v. Foot, 11 Texas, 662.)

*E. P. Nicholson*, for appellee.

WALKER, ASSOCIATE JUSTICE. This was a suit to recover the title and possession of one hundred acres of land by the appellee as the alleged surviving widow of Solomon Deroche, deceased, alleging that the land in controversy was the homestead at the time of his death; that the land had been set apart to her by the probate court, and that she, as the survivor, is entitled to hold the same as a homestead. The defendant was in possession of the place, and answered by general and special exception and the plea of not guilty. He further answered that it was not true that the plaintiff was the surviving widow of Solomon Deroche; that she was not living with him as his wife on said land at the time of his death; that on the — day of December, 1875, the plaintiff, in her own wrong, abandoned the said Solomon Deroche and continued to live apart from him until his death, in August, 1884, refusing during all that time to perform any of the duties of a wife; and that the defendant had received from said Deroche a lease of said land for eight years, for a valuable consideration, and without notice of any homestead rights of plaintiff. The plaintiff did not reply. A

verdict and judgment for plaintiff. The appeal presents two matters of complaint: 1, The action of the court overruling the exceptions to the petition because not indorsed as required in Revised Statutes, art. 4787; and, 2, The admission of testimony in rebuttal to the allegations in the answer of plaintiff's voluntary abandonment of her husband, and the submission of such issue to the jury.

The petition set out the facts constituting her title, and the invasion by defendant of her rights. Tested by the ordinary rules of pleading and the statutory definition of the requisites of a petition, it was in no way defective. The defendant was not misled, nor could he be, as to the purpose of the suit. The court below should have caused the indorsement to be made when the exceptions for the want of it were urged. It is impossible that the defendant could have suffered by the action of the court. The petition clearly set forth the facts showing plaintiff's rights in the land and the invasion of her rights by the defendant. The answer responded to the plaintiff's case by pleading not guilty, and by further answer the abandonment by plaintiff of her husband, etc. Without attempting to determine in what cases the statutory indorsement would become material, the court refuses to reverse for the absence of it in this case.

Appellant relies upon Rivers v. Foote, 11 Texas, 662, as authority against the action of the court below in allowing plaintiff to prove that she left her husband because of his cruelty to her and at his desire and request. There was no reply by her to the allegation in the answer of her voluntary abandonment of her husband. It is settled in the case cited that matter in avoidance of the new matter set up in the answer must be alleged as basis for testimony. This rule is not inconsistent with the right to rebut, contradict or explain the testimony adduced under such plea. (Hollingsworth v. Holshousen, 17 Texas, 46.)

The defendant assumed the burden of proving a voluntary abandonment by the plaintiff in her own wrong. She explained the separation by showing facts contradicting the proposition that her acts in leaving her husband were voluntary or without excuse. Her own testimony, that of her son and of the administrator, Jackson, tended to contradict the case made by the defendant, and to explain his testimony to her living apart from her husband. The admission of this testimony

and the submission of it to the jury as matter, which, if found to be true, would negative the allegations of voluntary abandonment was not error. The special matter of defense is regarded as denied. (Rev. Stats., art. 1197.)

Testimony was produced by the defendant to support the allegations in the answer. To explain or contradict such evidence the plaintiff was entitled of right to introduce testimony denying abandonment and explaining her absence so as to contradict the charge of voluntary desertion of her home. The general rule stated under a general denial is "the defendant is entitled to offer any evidence which tends to contradict that of the plaintiff, and to deny, disprove and overthrow his material averments of facts." (Pomeroy's Rights and Remedies, sec. 670.)

The charge complained of by the appellant was not strictly proper, but it was onerous to the plaintiff. She was not required to show a separation on ground of cruelty. Her absence from her husband and his home was sufficiently accounted for by showing her husband's consent. This was clearly shown.

There is no error in the record requiring reversal

*Affirmed.*