## L. J. COCKRELL v. J. H. CURTIS.

### No. 3109.

1. **Widow's Rights in Homestead — Abandonment.** —A wife abandoned her husband and their homestead, which was his separate property. Three years after the husband's death the widow brought suit against a tenant of his children by a former marriage for the homestead and for her interest therein. The defendant pleaded limitation of three years under the children and heirs of the husband. *Held:*

1. Abandonment by wife forfeits her right to the homestead upon her husband's death.

2. Such abandonment does not affect her interest in his separate property. She takes one-third life-estate.

3. As to the wife's life-interest, the defendant was without title or color of title, and limitation of three years was not applicable to the case.

2. **Case Adhered to.**—Newland v. Holland, 45 Texas, 589, adhered to, in holding that abandonment by wife forfeits her rights in the homestead as such.

ERROR from Dallas. Tried below before Hon. CHAS. FRED. TUCKER. The opinion states the case.

*W. L. McDonald,* for plaintiff in error.—1. Property made a homestead under the Constitution and laws of this State, and being such at the decease of the husband, is left still as the homestead for the widow, and will continue to be her homestead as long as she needs it and desires to use it for that purpose, and the statute of limitation can not deprive her of her constitutional right to a homestead as long as she lives and wishes to use it as such. Sayles' Civ. Stats., art. 16, sec. 52; Id., art. 2004, and notes 3 and 4; Carter v. Randolph, 47 Texas, 376; Foreman v. Meroney, 62 Texas, 723; Hudgins v. Sansom, 72 Texas, 229; Childers v. Henderson, 76 Texas, 664.

2. The children of a father by a former marriage, who had ceased to be members of his family after his second marriage, can not enforce partition of the homestead which was the separate property of their

father during the absence therefrom of the widow, she having acquired no other home; nor could they acquire such adverse possession thereof as would set the statute of limitation in operation against her constitutional right to possession, use, and enjoyment thereof, and her life-estate therein as survivor.   Earle v. Earle, 9 Texas, 630; Foreman v. Meroney, 62 Texas, 723; Platt's Property Rights of Married Women, pp. 228, 289.

*Coombes & Gano,* for defendant in error.—1.  The right of the survivor to the homestead as such is a mere possessory right; and where the land is held peaceably and adversely to such right for the space of three years by the children of the deceased, who at the time of his death held title from the State, the right is barred by limitation.

2.   The title held by children of a deceased owner of land is to its full extent such title as is required in law to satisfy the statute of limitations of three years; and is entirely inconsistent with the idea of the homestead right, since the latter as such can not exist without possession.

3.   Where the party in possession holds merely an undivided interest, this does not prevent the running of the statute of limitations, nor the application of the three years statute as against all claims, except the remaining undivided interest.   Const. 1876, art. 16, sec. 52; Rev. Stats., arts. 3191, 3192; Burleson v. Burleson, 28 Texas, 411.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the plaintiff in error for the possession of a tract of land in Dallas County containing 145 acres, alleged to be the separate property of plaintiff's deceased husband and her homestead.   The plaintiff claimed the whole tract as a homestead and an undivided interest of one-third as heir of her husband.

The defendant pleaded the statute of limitations of three years, and also that he held possession of the land for the children of the deceased husband of plaintiff by a former marriage, and that plaintiff did, several months before the death of her husband, without cause and contrary to his will, permanently abandon and live apart from him, and that she never afterward discharged her marital duties to him.

The court sustained an exception filed by plaintiff to this plea of abandonment.   The cause was tried by the court without a jury, and the judge filed the following conclusions of fact:

"This suit was instituted on the 6th day of May, 1889.   The defendant was then in actual, peaceable, and adverse possession of the land in controversy, holding the same for himself and the other children of Wesley Cockrell, deceased, as heirs of Wesley Cockrell, and had so held said land for more than three years prior to the institution of this suit, and during all of said time plaintiff had actual notice of said adverse possession."

The conclusion of law was, that "plaintiff's action was barred by the statute of limitations of three years."

Judgment was accordingly entered for the defendant.

As Wesley Cockrell died intestate, his surviving wife (the plaintiff) inherited a life-interest of one-third in his estate.   The defendant neither had title nor color of title to that interest, and the statute of limitations of three years has no application whatever to the case.

This requires the reversal of the judgment upon the plaintiff's appeal.

The defendant in error assigns error upon the judgment sustaining plaintiff's exception to his plea of abandonment.

We think that the court erred in sustaining the exception.   From the record before us, it appears that the plaintiff is entitled to the possession and use of the entire tract as a homestead, unless she had forfeited it by a voluntary and unexcused abandonment of her husband before his death.

In the opinion of this court in the case of Newland v. Holland, 45 Texas, 589, it is said, "That a wife who voluntarily, and without any just and reasonable cause, abandons and separates herself from her husband, and continues, in wanton disregard of her duties as a wife, to live separate and apart from him at the time of his death, is estopped and precluded from claiming the homestead rights given by the Constitution and statutes to the surviving wife, is not now an open question in this court."   Sears v. Sears, 45 Texas, 557.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 22, 1892.