**WIEDEMAN et al. v. INVESTORS SYNDICATE.**

No. 13530.

Court of Civil Appeals of Texas. Fort Worth.

March 12, 1937.

Rehearing Denied April 9, 1937.

A. C. Heath and Charles T. Rowland, both of Fort Worth, for appellants.

McGown & McGown, B. E. Godfrey, and John M. Scott, Jr., all of Fort Worth, for appellee.

DUNKLIN, Chief Justice.

Tony Wiedeman and wife, Mrs. A. E. Wiedeman, borrowed $1,950 from the Investors Syndicate, a corporation, evidenced by their promissory note in that sum, payable in annual installments to the lender, and to secure its payment executed a deed of trust on lot 8, block 28, Southland addition to the city of Fort Worth, in which it was stipulated that in the event of default in payment of any installment the holder would have the option to mature the unpaid balance and that the trustee should then sell said property at public auction after advertising the same as required by the statutes for public sale of real estate, and to execute to the purchaser at such sale a deed of conveyance of the property.

Pursuant to the powers there given, the trustee sold the property to the Investors Syndicate after default in payment of one of the installments and after the payee had exercised its option to mature the unpaid balance of the note.

The Investors Syndicate instituted this suit to recover title to the property as against Mrs. A. E. Wiedeman and against William Wiedeman, Tony Wiedeman, Jr., C. A. Wiedeman and Margaret Faye Wiedeman, children of Tony Wiedeman, Sr., by his former marriage. Tony Wiedeman had died intestate, and William Wiedeman had intervened in the suit for himself and as next friend of Tony Jr., C. A., and Margaret Faye Wiedeman, minors.

Plaintiff specifically relied on the facts recited above as a basis for its claim of title. Plaintiff's petition also included a separate count in the alternative, praying for a judgment establishing its debt, with foreclosure of the mortgage lien if for any reason it could not recover title as prayed for in the first count. It was alleged that defendants were in possession of the property and asserting some character of claim thereto.

In addition to the pleadings of all the defendants challenging plaintiff's right to relief on both counts in the petition, defendant Mrs. Wiedeman filed a cross-action for damages on the sequestration bond which plaintiff had sued out and under which she had been evicted from the property pending the suit.

At the close of testimony introduced the court instructed a verdict of the jury in favor of plaintiff for title to the property and against the cross-action of defendant Mrs. Wiedeman. An appeal was perfected by all of the defendants, but Mrs. A. E. Wiedeman is the only one who has filed briefs in this court.

■ The first count in plaintiff's third amended original petition on which it went to trial included all the requisites of article 7366, Rev.Civ. Statutes, for trespass to try title. It expressly alleged that plaintiff was the owner in fee simple of the realty sued for, with right of possession thereof, and that defendants were in wrongful possession and had refused to surrender possession to plaintiff. Hence, there was no merit in defendants' exception to the petition for lack of averments required by that article of the statutes.

■ Nor did the court commit reversible error in overruling defendants' special exception to the petition for lack of an indorsement thereon that "the action is brought as well to try title as for damages," as required by article 7367, Rev.

Civ. Statutes 1925. The purpose of that statutory requirement is to apprise the defendant that title is sued for. And when the petition clearly shows that to be the relief sought, and defendants having filed answers denying plaintiff's claim of title and claiming title in themselves, they are in no position to say they were misled to their injury by lack of such indorsement on plaintiff's petition. 41 Tex.Jur., § 135, p. 627 and decisions there cited, such as Bradley v. Deroche, 70 Tex. 465, 7 S.W. 779; Dangerfield v. Paschal, 20 Tex. 536; Bone v. Walters, 14 Tex. 564.

■ By the long-established rule of decisions, plaintiff had the right asserted in the second count in its petition to sue for a foreclosure of its mortgage lien in the event of failure to sustain its right to recover title under its first count, and the court did not err in refusing defendants' exception requiring plaintiff to elect on which of those counts it would rely to the exclusion of the other, especially so since appellant in her answer challenged the validity of the sale on the ground that the same was made in the absence of proper advertisement thereof. Nye v. Gribble, 70 Tex. 458, 8 S.W. 608; Van Roeder v. Robson, 20 Tex. 754, 764; White v. Bell (Tex.Civ.App.) 290 S.W. 849; 1 Tex.Jur. § 44, p. 659.

■ Allegations in plaintiff's petition were in effect that it was the legal owner and holder of the note secured by the deed of trust and of title acquired under the foreclosure sale, and therefore there is no merit in defendants' exception to the petition for lack of such a showing; especially in the absence of objection to the introduction of those documents for lack of more specific allegations on that point. Article 5935; Rev.Civ. Statutes; 6 Tex. Jur. § 288, p. 888; Allen v. Pannell, 51 Tex. 165.

■ The Southland Mortgage Company was named as trustee in the deed of trust under which the property was sold and by the execution of that instrument the mortgagors expressly authorized and empowered it as their agent to sell the property, and with power of attorney to execute in their names a conveyance of their equity in the property. The deed of trust was a mere security for the loan and did not vest title in the trustee. 29 Tex. Jur., § 5, p. 791, § 8, p. 795. The sale by the trustee was in effect a sale by the mortgagors and as effective as a sale un-

der a judgment of foreclosure. 29 Tex. Jur., § 30, p. 825, § 129, p. 962; Alley v. Bessemer Gas Engine Co. (C.C.A.) 262 F. 94; 41 C.J. § 174, p. 378 and p. 284. Having vested the trustee with power to make the sale, it does not lie with appellant to question the validity of the sale on the ground that the trustee was acting beyond its corporate powers to accumulate and lend money for purchase and improvement of real estate. Authorities cited by appellant, involving the question whether or not certain transactions of corporations in which their property rights or liabilities were involved, were within the scope of their charter powers, are not in point here.

All assignments of error are overruled, and the judgment of the trial court is affirmed.