**MILLER et al. v. MILLER.**

No. 4666.

Court of Civil Appeals of Texas.
Beaumont.

May 4, 1950.

Rehearing Denied May 31, 1950.

J. B. Forse, Sr., Newton, Lewis Lanier, Jasper, for appellants.

Robert W. Hillin, Jasper, J. H. Minton, Hemphill, for appellee.

R. L. MURRAY, Justice.

Mrs. Minnie Miller, the appellee, widow of H. M. Miller, Sr., deceased, brought suit in the district court of Newton County against W. L. Miller, et al., independent executors of the will of H. M. Miller, deceased, for all the statutory allowances due a surviving widow and to have a judicial determination made of the communi-ty and separate status of the property of the deceased and for judicial construction of the will of H. M. Miller, Sr., deceased.

The will of H. M. Miller, Sr., deceased, contained the following provisions: "It is my will and desire that all of the property, both real and personal, I may die, seized and possessed of, after payment of all my just debts, together with all expenses incident to the probating of this will, shall pass to and vest in fee simple to my beloved wife, Mrs. Minnie Miller, and my children (naming the seven grown children), share and share alike, and after the payment of all my just debts, I give, bequeath and demise to my beloved wife, Mrs. Minnie Miller and children (naming them) share and share alike the remainder of all the property I may now own or be interested in at the time of my death, in fee simple, to manage, sell or dispose of as they may wish or see proper". The appellants, as executors of the will, answered the suit of the appellee by plea in abatement, general denial, and special denial as to the character of certain property alleged to be community property and separate property. They specially denied that the appellee was entitled to any allowances claimed by her in the petition and pleaded that she was not entitled to such allowances because she had elected to take under the will and that by such will she had received a one-eighth interest in the property of the deceased and in the community estate. They further pleaded that under the terms of the will appellee was required to elect to take under the will or under the laws of descent and distribution, and that by her acts she had elected to take under the will and was therefore estopped to claim any of the statutory benefits sought in her suit. The appellants further pleaded in the alternative that, in the event it is decided by the court that the appellee had not elected to take under the will, the homestead which was occupied by Mrs. Miller and her husband at the time of his death was suitable as a home for her and that she

should be denied an allowance in lieu of a homestead.

The case was tried before the court without a jury. The court rendered its judgment on November 14, 1949, in favor of the appellee, Mrs. Minnie Miller, which judgment as detailed, containing eight pages of typewritten matter. The appellants filed a motion for findings of fact and conclusions of law and the court thereafter filed its findings of fact and conclusions of law in response thereto. By its judgment and findings of fact, which are supported by the evidence, the following were established as facts in the case:

H. M. Miller, Sr., deceased, was married twice, his first wife being the mother of his seven grown children who are named in the will. Under the will of his first wife all of her interest in the community property of herself and husband passed to her husband, H. M. Miller, Sr. Mr. Miller married Mrs. Minnie Miller, the appellee here, in 1938 and Mr. Miller died in July, 1948, leaving surviving him his widow and the seven children named in the will. His will was duly probated in Newton County, Texas. By the terms of his will Mr. Miller made disposition only of all the property he might die, seized and possessed of; by the terms of his will Mr. Miller made no effort to dispose of any property belonging to his wife, Mrs. Minnie Miller. By his will he devised all the property he owned to Mrs. Minnie Miller, his widow, and his seven surviving children, share and share alike. The property which was affected by such will consisted of his separate property received under the will of his first wife and that owned by him prior to his marriage to Mrs. Minnie Miller, and also his portion of the community property of himself and his wife, Mrs. Minnie Miller.

The separate property of H. M. Miller, Sr., deceased, consisted of the following: The homestead, 58.5 acres of land and 175 acres of land, both tracts in Newton County; $6,988.75 in cash on deposit in the First National Bank of Newton; six $100 United States Savings bonds; and various named articles of personal property such as a Winchester rifle, shot gun, mattresses, watch, tables, etc. The community property of the deceased and Mrs. Minnie Miller consisted of the following: $1,823.58 on deposit in the First National Bank of Newton, one Chevrolet truck, three grown cows, four yearlings, forty-five hogs, sixty-two bales of hay, various named articles of furniture and household utensils, farm equipment; $400 in United States Savings bonds, six promissory notes in varied amounts totaling $2,920.40.

Mrs. Minnie Miller is the surviving widow of H. M. Miller, Sr., deceased, and at the time of his death they were living together as husband and wife and she had not deserted nor separated from him prior to his death. No provision had been made by the executors of the will, making the statutory allowances or setting aside the homestead or funds in lieu thereof to a surviving widow. The court found and listed in his findings that certain property of the separate estate of Mr. Miller, deceased, were articles exempt to a family from forced sale. Such a list of articles included household goods, the kitchen furniture, the Chevrolet truck, three grown cows and four yearlings, twenty head of hogs. The court further found that there was not in the estate of Mr. Miller, deceased, the remaining articles of personal property which are exempt to a family from forced sale. The court further found that the Chevrolet truck had been sold by the executors of the estate and that it had a value of $690.00 at the time of its sale.

At the time of the death of Mr. Miller, Mrs. Minnie Miller, the widow, did not have any separate property out of which she could provide herself with support and maintenance for one year following the death of her husband. At the time of the death of Mr. Miller, he and his wife were occupying as a homestead both the 58 acre and the 175 acre tract of land. On September 4, 1948, Mrs. Minnie Miller, joined by some of the surviving children of Mr. Miller, deceased, executed a power of attorney to the executors of Mr. Miller's will, empowering the executors to convert the estate of H.

M. Miller, Sr., deceased, into cash and make distribution of it in accordance with the terms of the will. On October 19, 1948, Mrs. Minnie Miller executed and caused to be recorded a revocation of said power of attorney. During said intervening time to October 14, 1948 she received nothing from the executors. $1,000 was found to be a fair and reasonable sum to be allowed Mrs. Minnie Miller for her support for one year. A sum of $2500 was found to be fair and reasonable and a conservative amount to be allowed Mrs. Minnie Miller in lieu of a homestead.

The court also found that the homestead in Newton County, Texas was so situated that it would not be suitable for Mrs. Minnie Miller to use as a homestead, taking into consideration her age and her physical condition and the location of the said property.

The court by its conclusions of law decided that Mrs. Minnie Miller was not required to make an election to take under the will or under the laws of descent and distribution, and that since Mr. Miller did not by his will undertake to dispose of any property belonging to Mrs. Minnie Miller, there was no conflict between her right as legatee under the will and her rights as a widow of the deceased. The court also concluded that Mrs. Minnie Miller was entitled to possession of one-half of all community property of herself and Mr. Miller, deceased. The court further concluded that Mrs. Miller was entitled to have set aside to her the exempt personal property listed in the findings of fact and also that in lieu of the Chevrolet truck, sold by the executors of the will, she should recover $690.00 from the executors. The court also concluded that Mrs. Minnie Miller, as a surviving widow, was entitled to have set aside to her $500 in lieu of exempt articles not found in the estate of Mr. Miller, deceased, and also to have set aside to her $1,000 for a year's support and $2,500 in lieu of the homestead. The court further concluded that after the allowances have been made to Mrs. Miller as a widow, she is entitled to one-eighth of all the remaining estate of H. M. Miller, Sr., deceased, under the terms of his will.

The court's judgment by suitable provisions of the decree, incorporated these findings and conclusions in its judgment, and the executors have perfected their appeal to this court from such judgment.

The appellants, by their first four points, complain of the action of the trial court in holding that the surviving widow was not required to make an election to take under the will or by descent and distribution, and holding that she had not so elected and in awarding the plaintiff the exempt property.

■ The appellants present an able brief under these four points considered together. We have examined the brief and the authorities cited and quoted from, but we have no difficulty in determining at the outset that Mr. Miller's will made no attempt to dispose of any interest in any property belonging to Mrs. Minnie Miller, and therefore Mrs. Minnie Miller was not put to an election to take under the will or to take under the laws of descent and distribution. We think the determining fact element which has been present in so many cases construed by the courts of Texas as requiring an election on the part of a surviving widow is therefore entirely absent from this case. If the will put Mrs. Miller to an election, it must appear therefrom that the testator unequivocally attempted to dispose of her community interest in the estate and the presumption is that he did not attempt to do so. See: Baldwin v. Baldwin, 134 Tex. 428, 135 S.W.2d 92 and cases cited therein and Autrey et al. v. Stubenrauch et al., Tex.Civ.App., 133 S.W. 531; Dunn v. Vinyard, Tex.Com.App., 251 S.W. 1043; Swilley v. Phillips, Tex.Civ.App., 169 S. W. 1117; Hocker v. Piper, Tex.Civ.App., 2 S.W.2d 997.

■■ In the case of Lindsley v. Lindsley, 139 Tex. 512, 163 S.W.2d 633, in an opinion adopted by the Supreme Court, the surviving widow was held to be put to an election on the ground that the language of the will not only revealed an

intention on the part of the testator that the acceptance of bequests under the will by the widow precluded her acceptance of other portions of the property of testator and that such language was open to no other construction. No such language is apparent in the will of Mr. Miller. Appellants argue that for Mrs. Miller, the surviving widow, to take the allowances and a homestead would disappoint the will, since such an action would grant to each beneficiary a less amount than a full one-eighth share. We do not agree. The widow's right to the homestead is only the use thereof, and not the ownership of it. The bequests of one-eighth equal shares to the beneficiaries have the effect of giving to such beneficiaries one-eighth of the property of the testator, after the payment of debts, expenses of last illness and death, and the payments of the allowances provided by statute. Vernon's Ann.Civ.St. art. 3476 et seq.

■ We think the trial court's judgment was incorrect in that portion which decreed an allowance to the surviving widow in lieu of the homestead. It is noted from the findings of fact that Mr. and Mrs. Miller were actually living upon and using as their homestead the two tracts of land totaling 233.5 acres. Such being the case, even though because of Mrs. Miller's age, health and the location of the homestead property which was not suitable for her use as a homestead, the trial court was without authority to decree her an allowance of $2,500 in lieu of the homestead. The law does not provide an allowance to a surviving widow when there is in fact a homestead which was occupied by the deceased and his wife at the time of his death. As stated in the case of Ball, Hutchings & Co. v. Lowell, 56 Tex. 579, "The intention of the legislature was to provide out of the assets of the deceased a homestead for the family, if they had none, and not to provide an allowance in lieu of that which already exists. An allowance can be given in lieu of that which has no existence, but it would be a perversion of the term to give it in lieu of that which already has an existence". Mrs. Miller has the homestead for her use during the remainder of her life, and she may either occupy it as her home or she may rent it and use the proceeds for her support, but she is not entitled to an allowance of money in lieu thereof.

■ The appellants complain that the trial court was in error in decreeing that the allowance to the widow be paid out of the separate estate of the deceased. We do not so construe the judgment of the trial court. It reads: "There is hereby set aside and awarded to the plaintiff, Mrs. Minnie Miller, out of the assets of the estate of H. M. Miller, Sr., deceased, the sum of $1,000 for her support for the year following the death of H. M. Miller, Sr., deceased, said sum to be payable out of any property of said estate". The use of the word "estate" is sometimes the subject of confusion, especially where there exists both separate property and community property of a decedent. We construe such judgment to decree that all the payments and allowances made to Mrs. Minnie Miller shall be paid out of the community property of the deceased and his wife, Mrs. Minnie Miller. If this is not the meaning and effect of such judgment, then on the authority of Pace v. Eoff, Tex.Com.App., 48 S.W.2d 956 those portions of the judgment are reversed and rendered so that such payments and allowances are decreed to be paid out of such community property.

■ The appellants also complain of the trial court's action in decreeing to the appellee, Mrs. Minnie Miller, the exempt property found among the effects of the deceased. Under the authority of Pace v. Eoff, supra, the court was without authority to disturb the title and ownership of the homestead and exempted property. It had the authority only to set aside such exempt property to the widow for her use and not her ownership. The portion of the judgment which decreed such exempt personal property to the appellee must, therefore, be corrected so as to decree such exempt per-

sonal property to Mrs. Minnie Miller, appellee, for her use only.

The judgment of the trial court is affirmed in part and reversed and rendered in part as indicated in the above opinion.

COE, C. J., not participating.