**Mrs. George Allen WARD, Jr., Appellant,**

**v.**

**Mrs. James A. BRAUN et al., Appellees.**

**No. 287.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 29, 1967.

Rehearing Dismissed Aug. 31, 1967.

---

**b.** Authorities supporting Professor McDonald's view are listed in the footnotes to the text.

J. Lev Hunt, of Kleberg, Mobley, Lockett & Weil, Corpus Christi, for appellant.

William R. Anderson, Jr., of Sorrell, Anderson & Porter, Corpus Christi, for appellees.

OPINION

SHARPE, Justice.

This suit was brought by Mrs. Dorothy V. Ward, appellant, the surviving widow of G. A. Ward, Jr., against Mrs. James A. Braun and Mrs. J. R. Viola, (joined by their respective husbands), individually and as Independent Executrixes of the Estate of G. A. Ward, Jr., seeking to have set aside to appellant all personal property of said estate which is exempt under the constitution and statutes of Texas; for an allowance of $1000.00 in lieu of other exempt personal property; for an allowance of $5000.00 in lieu of homestead or to have set aside the homestead to her for life with mortgage indebtedness payments to be made by the estate; for a family allowance of

$5400.00 for her support and maintenance during one year from the death of G. A. Ward, Jr.; and for her share of the community property.

The lower court in a non jury trial rendered judgment that appellant recover (1) a life estate in a house situated in Corpus Christi, Texas, but required appellant to make payments during her lifetime of $112.00 per month on a promissory note in the amount of $13,500.00 given by G. A. Ward, Jr., prior to the instant marriage for the purchase price of said home, if she desired to remain in the same; (2) $350.00 as an allowance in lieu of exempt property; and (3) $412.74 for appellant's interest in the community property. Appellant's claims were otherwise denied. In response to appellant's first general request the trial court made some findings of fact and conclusions of law. Later, on timely motion of appellant, the trial court made further findings and conclusions, but denied many specific findings and conclusions so requested.

Appellant asserts seven points of error. We will first consider points one through four, reading as follows:

### "POINT OF ERROR 1

"The trial court erred in refusing to set aside to appellant all exempt property of the estate of George Allen Ward, Jr., as directed by Section 271, Texas Probate Code.

### "POINT OF ERROR 2

"The trial court erred in setting aside the homestead to appellant for life conditioned on appellant making monthly payments on a promissory note which was and is a liability of the estate of the deceased husband of appellant.

### "POINT OF ERROR 3

"The trial court erred in refusing to allow appellant a sum of money in lieu of homestead, as directed by Section 273, Texas Probate Code.

### "POINT OF ERROR 4

"The trial court erred in refusing to fix a family allowance for support of the widow for one (1) year from the time of death of the decedent, as required by Sections 286 and 287, Texas Probate Code, and in holding (a) such allowance is properly allowable only out of community funds of an estate, (b) that appellant has separate property adequate for her maintenance, and (c) that a reasonable family allowance for one (1) year is nothing."

We sustain these four points.

The material facts established by the evidence, some of which were found by the trial court will be briefly stated.

Appellant was married to G. A. Ward, Jr., on December 4, 1965, and he died on January 14, 1966. Both parties had been previously married to other persons. The first Mrs. Ward died. The first marriage of appellant was dissolved by divorce, and she was given custody of the three minor children of that marriage, who were 13, 12 and 8 years of age. After their marriage, appellant and Mr. Ward established a homestead in Corpus Christi, Texas, in a house which Mr. Ward had purchased prior to their marriage in August, 1965. Mr. Ward had a small equity in this home and there was an indebtedness secured by mortgage against it in the approximate amount of $13,500.00, payable $112.00 monthly. This home contained furniture which Mr. Ward also purchased prior to the marriage.

The inventory, appraisement and list of claims of said estate reflects the following: Separate real property of deceased consisting of a lot in Beeville, Texas, valued at $4,270.00, a cemetery lot, valued at $50.00, and a lot in Corpus Christi, Texas (which was shown by other evidence to be the homestead of the parties) valued at $528.05. The inventory did not expressly identify the homestead as such, did not show either its total value or the above-mentioned indebtedness of $13,500.00 against it. The amount of $528.05 apparently represented Mr.

Ward's equity in the homestead. Separate personal property of Mr. Ward aggregated $23,243.97. Of this amount there was $2321.99 in cash; $19,050.25 was shown to be the value of 421 shares of United Gas Corporation stock; $1150.00 was the value of a 1963 Oldsmobile automobile; $271.43 was the value of bonds; and $450.30 was indicated as the value of separate personal property not otherwise identified. The inventory further showed there were no claims owing to the estate, and there was no specific mention of any claims owing by it.

■ Concerning appellant's point one, the trial court should have set aside to appellant all exempt property of said estate in accordance with Section 271, Texas Probate Code, V.A.T.S. Article 3832, Vernon's Ann.Civ.St., lists twenty-four categories of property exempted to a family. The evidence shows that the estate owned property within eight of such categories, and that there was no property within sixteen of them. The trial court made an allowance in lieu of such missing items of $350.00. Aside from the homestead (which will be specifically discussed under points two and three) the trial court did not set aside to appellant any of the exempt property owned by the estate. The eight exempt classes of property owned by the estate (with the appropriate subdivision of Art. 3832, V.A.C.S., indicated in parenthesis) were: (a) the homestead of the family (1); (b) household furniture (2); (c) paintings (6); (d) one 1963 Oldsmobile automobile (10); (e) a gun (11); (f) current wages for personal services (16); (g) wearing apparel (17), (including 2 watches and a ring). Appellant was entitled to have set aside to her each of the exempt items just mentioned which were shown to be owned by the estate of her deceased husband. Sections 271, 272 Texas Probate Code; Connell, Guardian v. Chandler, Administrator, 11 Tex. 249 (1853); In re Mays' Estate, 43 S.W.2d 306 (Tex. Civ.App., Beaumont, 1931, writ refused); Hickman v. Hickman, 149 Tex. 439, 234 S.W.2d 410 (1950). Under Section 271,

Texas Probate Code, all the exempt property of the estate should be set aside for the use of the widow herein. The fact that she owns other property in her separate right does not affect the matter unless the items mentioned in Article 3832 are exceeded, which is not shown here.

Appellant's point 2 asserts that the trial court erred in setting aside the homestead to appellant for life conditioned on her making the payments on a note secured by lien, which is a liability of the Estate of G. A. Ward, Jr. Point 3 asserts that the trial court erred in refusing to allow appellant a sum of money in lieu of homestead as provided by Section 273, Texas Probate Code. Appellant's · petition prayed alternatively that the homestead be set aside to her with the lien indebtedness against it to be paid by the Estate, or that she be allowed $5,000.00 in lieu of her homestead rights. The trial court did not grant either request, but set aside the homestead to appellant for life conditioned upon her paying the monthly installments on such indebtedness.

■ It is undisputed that there is only a small equity of $528.05 in the homestead and there is a lien indebtedness against it of approximately $13,500.00, payable in monthly installments. Default in payment of the indebtedness would result in foreclosure. Thus, under the order of the trial court, appellant, in effect, is required to pay for the use of the homestead, and if she does not do so, loses her homestead rights completely. In the absence of her agreement appellant cannot be required to accept such disposition of her homestead rights. Appellant, as surviving widow, could not be required to accept a homestead which is incomplete or unsuitable because of the impediments presented, and she could elect to insist upon an allowance in lieu of homestead. The fact that there is only a small amount of community property does not prevent such allowance, and it may properly be paid out of the deceased's husband's separate estate. In Cooper v. Cooper, 168 S.W.2d 686–690

(Tex.Civ.App., Galveston, 1943, n. w. h.), the court said:

"Nor, contrary to appellants' insistence, was it necessary for the appellee to have a community interest in the landed estate of her husband in order to be entitled to such an allowance in lieu of a homestead, as was herein permitted by the trial court, based upon the verdict and findings; because, under our statutes and decisions, being the surviving widow of the deceased, which she in fact and law was, notwithstanding the then pendency of an undisposed of divorce suit between them, she was entitled to such a homestead right, even in his separate property—and to the awarded allowance in lieu thereof, on the coming in of the proof to the effect that his estate had been left in such condition from incumbrances and other impediments (including any nonexempt character of its lands) as to prevent the setting apart of a homestead thereon to her; Runnels v. Runnels, 27 Tex. 515; Kopplin v. Ewald, Tex.Civ.App., 70 S.W. 2d 608; Jones v. Bartlett, Tex.Civ.App., 189 S.W. 1107, error refused; 18 Tex. Jur., § 212, page 792; § 235, page 814; Simkins Administration of Estates, 3rd Edition, page 214, § 160, also page 244, § 181; R.S. Article 3498; Buse v. Buse, Tex.Civ.App., 287 S.W. 141; Beall v. Hollingsworth, Tex.Civ.App., 46 S.W. 881; Crump v. Andress, Tex.Com.App., 278 S.W. 422; Cockrell v. Curtis, 83 Tex. 105, 18 S.W. 436; Bradley v. DeRoche, 70 Tex. 465, 7 S.W. 779; Good v. Good, Tex.Civ.App., 293 S.W. 621; Simkins on Estates, 3rd Edition, page 230."

In Simkins Administration of Estates in Texas, Holt, Third Edition, Section 181, page 245, "When homestead incomplete", the following statement appears:

"It is contemplated that the homestead must be free from the claims of creditors,[45] but the homestead may be so incumbered with liens that its permanency as a home may be defeated at the will of the lienholder, in which case the widow may have an allowance in lieu of the exemption. Thus, where a valid lien existed on land at the time of its designation as a homestead, or where there is a vendor's lien, or other lien which under the constitutional limitation subjects the homestead to sale for satisfaction thereof.[46]"

Cases cited in footnote 45 are: Zwernemann v. Von Rosenberg, 76 Tex. 522, 527, 13 S.W. 485; Lacy v. Lockett, 82 Tex. 190, 17 S.W. 916; Krueger v. Wolf, 12 Tex.Civ. App. 167, 33 S.W. 663. Cases cited in footnote 46 are: Stone v. Darnell, 20 Tex. 11; Baird v. Trice, 51 Tex. 555; Mabry v. Harrison, 44 Tex. 286; Brooks v. Chatham, 57 Tex. 31; Kempner v. Comer, 73 Tex. 196, 203, 11 S.W. 194.

Under Section 273, Texas Probate Code, appellant, if she so elects, is entitled to an allowance in lieu of homestead in an amount not exceeding $5000.00, which is to be fixed by the trial court in the first instance. See 28 Tex.Jur.2d, Homesteads, Sec. 202, "Allowance in lieu of homestead."

By her point 4 appellant contends that the trial court erred in refusing to fix a family allowance for her support, as the widow of G. A. Ward, Jr., for one year from his death, and in holding (a) that such allowance was payable only out of community funds, (b) that appellant had separate property adequate for her maintenance, and (c) that a reasonable family allowance for one year would be nothing. We agree with appellant here also.

The evidence shows that at the time of their marriage both Mr. and Mrs. Ward were employed by Union Producing Company in Corpus Christi, Texas. At that time Mr. Ward earned $978.00 monthly or $11,736.00 annually, and appellant earned $300.00 per month or $3,600.00 annually. At the time of trial, on May 31, 1966, appellant earned $320.00 per month. Appellant's take-home pay was $248.00 per month from the date of Mr. Ward's death to May 5, 1966, and since then $260.00 per month. It

thus appears that during the marriage of appellant and Mr. Ward their combined salaries, constituting community property, amounted to more than $15,000.00 annually, and after Mr. Ward's death the salary of appellant amounted to less than $4,000.00 annually.

Appellant testified, among other things, that her three minor children had been living with her since sometime in January, 1966, and that she was having to support them because her divorced husband, the father of said children had failed to do so. Appellant concedes that there was no obligation on Mr. Ward's estate in connection with the support of the minor children of her first marriage. However, such testimony of appellant shows the facts and circumstances existing during the first year after the death of Mr. Ward, including her obligations to support her minor children and the consequent effect on her personal earnings. Even at appellant's increased take-home pay after Mr. Ward's death she had available $260.00 per month. Under the trial court's theory (which we have held to be untenable) that appellant would be required to pay $112.00 per month in order to enjoy homestead rights in the Corpus Christi property, she would have left the sum of $148.00 per month, for the purpose of all other living expenses for herself and three minor children.

Section 287, Texas Probate Code, "Amount of Family Allowance", provides as follows:

"Such allowance shall be of an amount sufficient for the maintenance of such widow and minor children for one year from the time of the death of the testator or intestate. The allowance shall be fixed with regard to the facts or circumstances then existing and those anticipated to exist during the first year after such death. The allowance may be paid either in a lump sum or in installments, as the court shall order."

In the case of Pace v. Eoff, 48 S.W. 2d 956 (Tex.ComApp., 1932) 90 A.L.R.2d 687, 699, which involved among others the predecessor statute to Sec. 287, Texas Probate Code, the court held that the allowance must be made with regard to the whole condition of the estate during the first year after the husband's death and to the necessities of the widow and the circumstances to which she has been accustomed. When we apply the tests provided by the statute and the holdings in Pace v. Eoff, supra, we conclude that the trial court erred in denying to appellant an allowance for her maintenance for one year after the death of her husband.

Conclusions of law 4, 5 and 6 made by the trial court are as follows:

"4. Mrs. Ward is not entitled to a family allowance for reason that such allowance is properly allowed only out of community funds of the estate and not the separate property of the late Mr. Ward.

"5. Mrs. Ward is not entitled to a family allowance for reason that Mrs. Ward has separate property adequate for her maintenance and in addition is gainfully employed.

"6. If Mrs. Ward is entitled to a family allowance, then it is my decision that a reasonable sum for said family allowance will be that of nothing."

In connection with conclusion of law number 4, appellees rely upon Sec. 288, Texas Probate Code, providing that no such allowance shall be made for the widow when she has separate property adequate for her maintenance, and the cases of Miller v. Miller, Tex.Civ.App., 230 S.W. 2d 237, reversed by the Supreme Court, 149 Tex. 543, 235 S.W.2d 624 (1951) on the question of election by the widow, and Pace v. Eoff, 48 S.W.2d 956 (Tex.Com. App., 1932). In the case of Miller v. Miller, Tex.Civ.App., 230 S.W. 2d 237, reversed 149 Tex. 543, 235 S.W.2d 624, the Court of Civil Appeals, among other things, held that the trial court judgment,

properly construed, provided for payment of the widow's allowance for support in the amount of $1,000.00, out of community property of the parties. It appeared there that sufficient community property existed to cover such payment. The Supreme Court reversed the judgment of the Court of Civil Appeals on the ground that the widow was put to an election whether to take under her husband's will or not to do so and claim her rights under the law to exemptions or allowances in lieu thereof; and the case was remanded for new trial so that the issue of election could be determined. The statement of the Supreme Court at 235 S.W.2d 628–629, to the effect that if the widow elected not to take under the will, that the year's allowance for her support would be charged against the full community property so that the widow's half would bear its portion of such charge, was made in the factual context showing that community funds were available for such purpose. We do not regard this as a holding that in any event the husband's separate estate cannot be charged with the widow's allowance for support. We hold that it can be so payable where there is not sufficient community property to satisfy the same. In the case of Pace v. Eoff, 48 S.W.2d 956 (Tex.Com.App., 1932), the Court held that the widow's allowance for one year's support was payable out of the community estate of herself and the deceased husband, and not solely out of the widow's half of it. In that case community funds were available for such purpose. The Court expressly pointed out that the record did not present a question of the widow's right to have such allowance paid out of the separate estate of the husband, and the Court did not discuss or decide that question as well as others not there presented for decision. However, the Court squarely held that the allowance for the widow was a debt against the estate of the deceased.

We hold that the trial court should have fixed an amount for an allowance for appellant's support for one year and that the same is payable, in the absence of sufficient community property as appears here, out of the separate estate of the deceased husband.

■ The evidence in this case does not show that the wife had separate property adequate for her maintenance during the period of one year from the husband's death. Although appellant separately owned certain old furniture which was in storage and a used car at the time of Mr. Ward's death, the furniture was exempt, and the automobile may have been so. In any event, the widow would not be required to sell such items in order to make up her allowance for a year's support; and this is particularly true in view of evidence that appellant was separately indebted to the Internal Revenue Service for approximately $1000.00, and for debts in connection with a former Beauty Shop business in the amount of $900.00.

■ The amount of the allowance for the widow's maintenance for one year should be first fixed by the trial court. In determining the amount the court should consider all of the factors permitted by the Statute. Sec. 287, Texas Probate Code. See annotation, 90 A.L.R.2d 687, on the subject "amount of allowance from decedent's estate for widow and family where not fixed by Statute."

Appellant's points 5, 6 and 7 read as follows:

### "POINT OF ERROR 5

"There is no evidence to support the findings of fact of the trial court or, in the alternative, the evidence is insufficient to support the findings of fact of the trial court, or, in the further alternative, the findings of fact of the trial court are so contrary to the great weight and preponderance of the evidence as to be clearly wrong.

## "POINT OF ERROR 6

"The findings of fact of the trial court do not properly support the conclusions of law.

## "POINT OF ERROR 7

"The trial court erred in refusing the request of appellant for additional findings of fact, all of which are uncontroverted in the evidence, and for conclusions of law."

In view of our indicated disposition of this case, extended discussion of points 5, 6 and 7 is unnecessary. These points are not sufficiently specific to require consideration. However, it does appear that the trial court should have granted a number of appellant's timely requests for additional findings of fact and conclusions of law. Rule 298, Texas Rules of Civil Procedure. These matters are covered by our previous discussion of the holdings in which the trial court erred, and to that extent dispose of appellant's contentions under points 5, 6 and 7 favorably to her.

The judgment of the trial court is reversed and the cause is remanded for new trial wherein the trial court will determine the rights and duties of the parties in accordance with applicable law and the holdings herein made.

Reversed and remanded.

NYE, Justice (concurring).

"It must be candidly admitted that declarations of law on this subject (homestead property) contained in opinions by eminent justices cannot be reconciled with declarations in other opinions by justices of like eminence. * * *" (parenthesis supplied) Thompson v. Kay, 124 Tex. 252, 77 S.W.2d 201 (1934, Justice Greenwood).

The trial court erred in requiring the widow of the deceased to make the purchase money mortgage payments on the homestead property as a condition precedent to her receipt of such exempt property as her homestead. This homestead was purchased by the deceased prior to this marriage and the only lien against it was the purchase money mortgage. The deceased devised his property, including this homestead after the payment of all his just debts, to his two married daughters by a previous marriage and named them co-independent executrixes under his will. The title to this property is in the deceased's daughters subject to the indebtedness owed by the estate. Art. XVI, Sec. 52, Texas Constitution, Vernon's Ann.St. This property being the designated homestead of the deceased and the surviving widow, is subject further to the homestead right of the surviving spouse so long as such widow qualifies the property as a homestead. See Sec. 277, Texas Probate Code.

The majority opinion of this Court holds as I take it, that because of this indebtedness this property is unsuitable as a homestead and is an incomplete homestead as a matter of law; therefore the widow is entitled to elect not to take this previously designated homestead and can elect to take an allowance in lieu thereof. I cannot agree with this holding.

It is true that a widow is not required to take an incomplete homestead and this may be determined by the court as a matter of law. It is also true that a widow may not be required to accept an unsuitable homestead, but this is a matter of fact to be determined by the court or jury. See special issues submitted in Cooper v. Cooper, 168 S.W.2d 686, n.w.h. Here the trial court impliedly held the property was suitable. I would not hold that just because there exists a constitutionally exempted lien against the property (even though it might be large), that, this alone would make the homestead unsuitable as a matter of law. Miller v. Miller, Tex.Civ.App., 230 S.W.2d 237, reversed on other grounds, 149 Tex. 543, 235 S.W.2d 624 (1951).

It may be appropriate to again reiterate the closing remarks made by Brady Cole in his article in 3 Texas Law Review 217:

" * * * the homestead provisions of our present constitution have created in our law many anachronisms, anomalies, and paradoxes which, being beyond the solution of the bench as well as the bar, should receive the attention of a constitutional convention whenever one is called. If these inconsistencies and incongruities can really stand together, then is the famous dictum of Lord Tennyson to the effect that 'the law is a wilderness of single instances,' no longer obiter."